REPUBLIC-TRANSCON INDUSTRIES, INC. *v.* TEMPLETON

No. 43492          May 17, 1965          175 So. 2d 185

*H. K. Van Every,* Columbus, for appellant.

134

*P. L. Douglas,* Starkville, for appellee.

INZER, J.

This is an appeal by Republic-Transcon Industries, Inc. from a default judgment rendered against it in the Circuit Court of Oktibbeha County in favor of appellee, Charles H. Templeton, in the sum of $9,500.

The entry of the default judgment grew out of a suit instituted in that court by appellee, wherein it was alleged that appellant is a foreign corporation existing under the laws of the State of Michigan, with its principal offices at Dallas, Texas and Los Angeles, California. The declaration further alleged that appellant is qualified and doing business in the State of Texas, and its agent for service of process is Frank Cain, 830 Mercantile Bank Building, Dallas, Texas. It also alleged that appellant had, on or about May 31, 1961, acquired the assets, subject to the liabilities, of Mathes Company, Inc. (hereafter called Mathes), a foreign corporation organized under and doing business by virtue of the laws of the State of Texas; that Mathes was the subsidiary of Glen Alden Corporation (hereafter called Glen Alden), a corporation existing under the laws of the State of Pennsylvania. Appellee also alleged that Mathes is now being operated as a division of appellant, and that Warren G. Kleban, owner of Kleban Engineering Company, resident of Oktibbeha County, was and is an agent and representative of and for appellant in its operation of Mathes. The declaration further charged that appellee had on September 19, 1961 filed suit against Mathes and Glen Alden for damages for a breach of warranty and for personal injuries; that on January 26, 1962 appellee obtained a good and valid judgment by default against Mathes and Glen Alden; and that appellant is liable to appellee for the amount of the judgment by virtue of having acquired the assets of Mathes subject to the liabilities of said company. The declaration then charged that appellant was and is doing business in the State of Mississippi

by and through its engineers, agents, servants and employees, and that it is engaged in the business of selling, servicing, inspecting, repairing and installing air conditioners, central heating and cooling systems.

Process was issued by the Circuit Clerk of Oktibbeha County for Republic-Transcon Industries (hereafter called Republic-Transcon), and a copy thereof was served on Warren G. Kleban as agent and representative of Republic-Transcon. A copy was also served on the Secretary of State as agent under Mississippi Code Annotated sections 1437 and 1438 (1956). The record shows that the Secretary of State mailed copies as required. The circuit clerk made a certificate that he had mailed true copies of the process and summons to Republic-Transcon at 4904 South Boyle Avenue, Los Angeles, California and also to Mr. Frank Cain, 830 Mercantile Bank Building, Dallas, Texas, and return receipts showing that such process had been received were in the file. The circuit clerk did not make the affidavit as required by section 1438, *supra.*

On January 27, 1964 appellant filed a motion to dismiss this suit. The motion stated that appellant was appearing specially and solely for the purpose of objecting to jurisdiction of the court. The motion also set up that appellant is and was a corporation organized under the laws of the State of Michigan, and that it was not and had never been subject to the jurisdiction of the Circuit Court of Oktibbeha County or any other court in the State of Mississippi. Appellant further alleged in his motion that it was not doing business in the State of Mississippi and had never done business in this state; that it had no agents, employees or representatives in this state; and that it had never done any intrastate business in Mississippi. Appellant also denied that Warren G. Kleban was its agent or that he had ever been its agent, and specifically denied the allegations contained in the declaration relative to the jurisdiction of the court over appellant.

By agreement of the parties, the court set the motion to dismiss for hearing in vacation on March 25, 1964. Appellee then filed a motion to amend his declaration in order to allege therein that appellant is the successor to Mathes and Glen Alden, and also the Mathes Company, Division of Glen Alden Corporation; that the contracts, notes and agreements for and relative to purchase of the effects of Mathes from Glen Alden are in the possession and under the control of the appellant; that as successor to Mathes, a Division of Glen Alden, appellant is liable to the appellee for the satisfaction of the judgment that appellee had obtained against Mathes and Glen Alden. This motion was sustained and the amendment was duly filed.

Thereafter, on January 31, 1964, appellee filed a request for production of documents under the provision of section 1659, Mississippi Code Annotated (1956), in which he requested appellant to furnish him for the purpose of making copies or photographs of all contracts, agreements, bills of sale and other written documents in its possession or under its control relative to its acquisition of Mathes, a Division of Glen Alden. The request further stated that unless the documents were furnished on or before February 15, 1964, appellee would on February 17, 1964 make application to the court to require appellant to furnish such documents. A copy of this request was mailed to appellant's attorney who filed the motion to dismiss, and also to a firm of lawyers in California. The documents were not furnished as requested, and on February 17, 1964 the court entered an order requiring appellant to furnish documents and make them available to appellee at the office of the clerk on March 24, 1964. Appellant failed to furnish the documents, and on March 25, appellee filed a motion for judgment on default against appellant for failure to abide by the orders of the court relative to furnishing documents so ordered.

On March 25, 1964 the hearing on the motion to dismiss was proceeded with without objection by either party. It was heard by the trial judge without a jury. Appellant introduced into evidence a certificate executed by the Secretary of State to the effect that appellant had not qualified to do business in Mississippi and had not appointed any agent for service of process. Appellant then introduced the deposition of Mr. W. P. Lennon, president of appellant corporation. Mr. Lennon testified that appellant owned no property in Mississippi, had no agents, servants or representatives in this state, and its products were sold through manufacturers' representatives who sold their products solely on a commission basis and were independent businessmen over whom his company had no control.' He further testified that he did not know Warren G. Kleban, that he was not their agent, and he had never had any connection whatsoever with the appellant corporation; further that Mr. Kleban was not their representative then and had never been, and that appellant had no employees of any kind in this state. On cross-examination he stated that Mathes is a corporation and that all the stock is now owned by appellant corporation. He also stated that on the advice of counsel he had not furnished the records and documents requested by the court because he was advised the courts of Mississippi had no jurisdiction of his company.

Mr. Warren G. Kleban was then called as witness for appellee, and he stated that he was in the business of selling and installing heating, cooling and air conditioning equipment; that he operated Kleban Engineering Company in Starkville. He said he was sales representative of Mathes and was designated by them as Associate Manufacturer, and that in such capacity he had executed warranties on equipment sold by him along with Mathes. He testified that he presumed that appellant now owns Mathes, and that as far as he knew his

position with Mathes was the same as it had been before the sale, although he had not installed any products of Mathes since the change of ownership, and he had not executed any warranties in his capacity as Associate Manufacturer. He said that appellant did not honor warranties issued by Mathes, and he quit doing business with them. He had received correspondence from appellant, but he did not produce any of such correspondence. The only business he had done with appellant was to order parts by mail or telephone. These parts were delivered to him by mail. He testified further that he presumed he was an agent of appellant when he was served with process, but that he did not know. He never received any notice from appellant that he had any authority to sign a warranty for them and that he had never done so. On cross-examination he testified that he had no products of appellant stored in his warehouse under any agreement with appellant. He never notified appellant that he had been served with process as its agent.

Appellee then testified that he had tried to get information relative to Mathes from appellant, and that he needed the documents asked for in his motion to show that appellant stood in the shoes of Mathes.

At this point in the trial the court halted the proceedings and overruled the motion to dismiss, and also overruled appellee's motion for judgment by default. The trial judge in his opinion indicated that he was of the opinion that further testimony was needed to show that appellant was doing business in this state. In spite of this fact, he did not continue the hearing on the motion to dismiss for further testimony, but proceeded to enter a judgment overruling the motion, and at the same time overruling the motion for judgment by default. The judgment set the cause specially for hearing on its merits on June 3, 1964.

On April 1, 1964 appellee filed another motion asking that appellant be required to produce the documents and papers previously requested. Notice was given appellant through its attorney who represented it on the motion to dismiss that unless the documents were produced an order would be sought from the court on April 22, 1964. The documents were not produced, and appellant did not appear to resist the application for an order from the court. The court then entered an order requiring appellant to produce the documents as requested on or before May 22, 1964 in order that appellee could make copies of the same. On April 24, 1964, two days after the order was entered, appellant filed a motion to dismiss the request for production of documents for the reason that the court had no jurisdiction over appellant. The documents were not produced as directed by the court, and on June 4, 1964 appellee filed a motion for judgment by default as authorized by section 1659, *supra*.

When the cause came on for trial in June 1964, appellant appeared by its attorney and renewed the motion to dismiss for want of jurisdiction. The motion also stated that the motion of appellee for judgment by default for failure to produce the records should be overruled because no proper notice was adequately served on appellant; that its attorney was not an agent but was appealing solely for the purpose of contesting the jurisdiction of the court. This motion was overruled by the court.

The court thereupon sustained the motion of appellee for judgment by default for failure of appellant to produce the documents thereupon ordered. A judgment by default was entered in favor of appellee for $9,500. From this judgment this appeal is prosecuted.

Appellant assigns as error that: (1) the trial court erred in overruling its motion to dismiss this suit for lack of territorial jurisdiction; (2) the judgment by

default is erroneous and not supported by lawful authority; and (3) the order of the trial court requiring it to produce documents is erroneous and not supported by evidence.

██ ██ We must first address ourselves to the question of whether the trial court was in error in overruling appellant's motion to dismiss this cause for lack of territorial jurisdiction. In disposing of this question we must first decide from the proof presently in the record whether William G. Kleban was an agent of appellant. The only basis upon which appellee urges that Kleban was an agent of appellant is that he had been an agent for Mathes and that appellant had acquired the assets subject to the liabilities of Mathes. The evidence reflects that appellant does own all the stock in Mathes, but this fact does not make the agents and employees of Mathes agents and employees of appellant. There is nothing in the proof to reflect anything except that each corporation is a separate and distinct entity. From Kleban's own testimony it is apparent that he has never had any dealings with appellant that would constitute him an agent of the appellant.

██ ██ The question of whether a foreign corporation or individual is doing business in this state must be determined from the facts in each case. The concept relative to a foreign corporation or individual doing business in this state has changed considerably in recent years. In the case of Mladinich v. Kohn, 250 Miss. 138, 164 So. 2d 785 we reviewed the recent cases relative to this question and clarified the position of a foreign corporation or individual relative to contesting the jurisdiction in this state. ██ ██ We further set out in this case the three basic factors which must coincide if jurisdiction is to be entertained by the courts of this state. These three factors are:

"(1) The nonresident defendant or foreign corporation must purposefully do some act or consummate

some transaction in the forum state; (2) the cause of.action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.''

■■ ■ When we apply this test to the facts contained in this record we find that the proof wholly fails to show that appellant did anything that would bring it within the rule set out. This being true, the trial judge was in error in overruling appellant's motion to dismiss. Century Brick Corp. of America v. Carroll, 247 Miss. 514, 153 So. 2d 683 (1963); Livestock Services, Inc. v. American Cyanamid Co., 244 Miss. 531, 142 So. 2d 210 (1962).

The above conclusion disposes of this appeal. Therefore, we do not reach the other questions raised by appellant. Neither is it necessary for us to determine whether the trial court had the right to require appellant to produce its records on a motion to dismiss for the want of jurisdiction. Appellee did not object to the hearing of the motion to dismiss without appellant producing the documents that the court had ordered it to produce. He did not insist that such documents were necessary in order for him to defend the motion to dismiss. Under these circumstances appellee is deemed to have waived the production of these documents insofar as the hearing of the motion to dismiss is concerned.

We hold that the proof in this case fails to show that appellant was doing business in the State of Mississippi, and that the trial court should have sustained its motion to dismiss. For this reason this case is reversed and judg-

ment will be entered here sustaining the motion to dismiss.

Reversed and judgment here for appellant.

*Lee, C. J., and Ethridge, Gillespie and Brady, JJ.,* concur.