210 So.2d 307 (1968)
James HILBUN
v.
CALIFORNIA-WESTERN STATES LIFE INSURANCE COMPANY.
No. 44850.
Supreme Court of Mississippi.
May 13, 1968.
*308 Melvin, Melvin & Melvin, Laurel, for appellant.
Pack & Ratcliff, Laurel, for appellee.
PATTERSON, Justice:
This is an appeal from the Circuit Court of the Second Judicial District of Jones County. Plaintiff there sought to enforce a disability claim resulting from a heart condition under a group insurance policy issued by California-Western States Life Insurance Company. From a judgment sustaining a motion to dismiss for want of jurisdiction the plaintiff appeals, assigning as error the following: The trial court erred in holding that the appellee had insufficient minimal contacts in the state of Mississippi to bring appellee within the provisions of Mississippi Code 1942 Annotated section 5705-12 (Supp. 1966), which is entitled "Acts constituting commissioner as agent for service of process"; and the trial court erred in holding the evidence was insufficient to give the court jurisdiction of the cause.
Western Geophysical Company of America, plaintiff's former employer, is qualified to do business within the state of Mississippi and was so qualified at the time the incidents upon which this suit is based came into existence.
The plaintiff began his employment with the Western Geophysical Company of America in 1944. At that time the plaintiff was a resident of Soso, Mississippi. The group contract of insurance upon which suit is based was applied for by Western Geophysical Company in Los Angeles, California, and was delivered to applicant in that state. Its effective date was July 1, 1960. A certificate of this policy was issued to the plaintiff while he was employed by Western Geophysical in the state of Louisiana. The plaintiff's duties with this employer have been carried on in Mississippi, Alabama, Louisiana, Texas, West Virginia, Ohio, and Wyoming.
In October 1962, while plaintiff was about the business of his employer in West Virginia, the first symptoms of his heart trouble became manifest, requiring rest and recuperation for some several months, but subsequent to which he returned to his employment. In February 1962, while employed by the same concern, he suffered another heart attack and again after recuperation returned to work. In August 1965, while in the same employment in Texas, he suffered another heart attack. It is alleged by the plaintiff that these heart conditions resulted in total disability, necessitating his release from employment.
At the time plaintiff, as an employee of Western Geophysical, requested coverage under the group policy, he authorized his employer to deduct his contributions toward the premiums from his pay. He did not pay premiums individually or have any direct correspondence with the defendant regarding the same. In fact, matters concerning the policy were taken up directly with the employer who in turn transacted the necessary business details of the group policy with the insurer.
The California-Western States Life Insurance Company has never applied for or been admitted to do insurance business *309 within this state. It has no agents, employees, or other individuals in any capacity within this state for the purpose of the sale of insurance. It has not and it does not solicit insurance by mail within the state of Mississippi. In fact, the only contact under the policy sued on that the defendant has ever had within the state was the part payment of a hospital bill in Laurel, Mississippi, in 1964 for the appellant. The evidence in regard thereto by the bookkeeper of the hospital was that insurance papers on group policies are normally mailed to the employer and the hospital records in the present case indicate that they were mailed to Western Geophysical for completion and that the check in payment came to the hospital from the defendant insurance company.
Subsequent to the termination of his employment plaintiff sought to convert his coverage under the group policy to an individual life insurance policy. In response to his inquiry he received applications for conversion which he executed and mailed to the insurance company, and in due course the policy representing the conversion was received by the plaintiff. The group policy was terminated on September 30, 1965. The facts relating to the conversion of the policy are mentioned as the appellant contends these acts of the defendant in conjunction with the payment to the hospital are sufficient to constitute doing business within the state.
The question for this Court to determine is whether the acts of the defendant related above are enough to appoint the commissioner of insurance the agent of the defendant for the service of process within this state. The legislative purpose in designating the insurance commissioner as an agent for the service of process in certain cases is expressed in Mississippi Code 1942 Annotated section 5705-11 (Supp. 1966), as follows:
The purpose of this act is to subject certain insurers to the jurisdiction of courts of this state in suits by or on behalf of insureds or beneficiaries under insurance contracts. The legislature declares that it is a subject of concern that many residents of this state hold policies of insurance issued or delivered them in this state by insurers not authorized to do business in this state, thus presenting to such residents the often insuperable obstacle of resorting to distant forms for the purpose of asserting legal rights under such policies. * * * (Emphasis added.)
In order to carry the legislative purpose into effect Mississippi Code 1942 Annotated section 5705-12 (Supp. 1966) was enacted. It provides:
Any of the following acts in this state, effected by mail or otherwise, by an unauthorized or alien insurer: (1) the issuance or delivery of contracts of insurance to residents of this state or to corporations authorized to do business therein, (2) the solicitation of applications for such contracts, (3) the collection of premiums, membership fees, assessments or other considerations for such contracts, or (4) any other transaction of insurance business, is equivalent to and shall constitute an appointment by such insurer of the commissioner of insurance and his successor or successors in office, to be its true and lawful agent, upon whom may be served all lawful process in any action, suit, or proceeding instituted by or on behalf of an insured or beneficiary arising out of any such contract of insurance, and any such act shall be signification of its agreement that such service of process is of the same legal force and validity as personal service of process in this state upon such insurer. (Emphasis added)
The trial court found:
The first clause (1) under that section is not applicable to this case because both the group policy and the certificate of insurance were issued and delivered in other states. The second clause (2) is not applicable because there were no solicitations *310 of applications for the contract. The third clause (3) is not applicable because all premiums were paid by Western Geophysical and were collected by payroll deductions. The evidence does not disclose that checks were issued in Mississippi, and in fact, there is no showing that Western Geophysical maintained any office in Mississippi. We then come to clause four (4) which provides that any other transaction of insurance business in the State effected by mail or otherwise would be sufficient to constitute the Commissioner of Insurance as agent for service of process. So far as the contract sued on is concerned there is in evidence the fact that by check California Western States paid a hospitalization bill which was incurred by the plaintiff at the Jones County Community Hospital, and that subsequent to the termination of the policy sued on, after application was made by the plaintiff, the defendant mailed two policies which represented converted life insurance to the plaintiff.
The appellant urges that since his employer was authorized to do business within this state at the time of the issuance of the policy to it in California, the first provision of Section 5705-12, "(1) the issuance or delivery of contracts of insurance to the residents of this state or to corporations authorized to do business therein," has been met since Western Geophysical, the employer, has at all times since 1950 been authorized to do business within this state. We are of the opinion that Sections 5705-11 and 5705-12 are in pari materia and must be construed with reference to each other. In so doing it is our opinion that the legislature intended the latter section (Long Arm statute) to be effective when policies of insurance are issued or delivered to policyholders within this state and that it did not intend, without more, that the statute would be effective to constitute the insurance commissioner as the agent of an insurance corporation merely authorized to do business, but not actually doing business, within the state. For these reasons we are of the opinion that appellant's contention in this regard is not well taken.
The related and greater question is whether the act or acts of the defendant within this state constitute such minimal contacts as would confer jurisdiction upon the defendant corporation through the commissioner. We note at the outset this suit is brought under the group policy and that the acts of the defendant must be related to the contract sued upon, as Section 5705-12 provides, "* * * arising out of any such contract of insurance * * *" This limitation of the statute eliminates the factual situation surrounding the efforts of the appellant to obtain a conversion of the group policy, and the subsequent response by the appellee, from consideration by this Court.
The remaining fact for consideration is the part payment of a hospital bill within this state at a time when the appellant was still in the employ of Western Geophysical. In Mladinich v. Kohn, 250 Miss. 138, 148, 164 So.2d 785, 790 (1964), in considering a somewhat similar "long arm" jurisdictional statute, we stated:
"(1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation."
In applying these standards to the present case and being aware of the fact that the employer is the agent of the employee, we *311 are of the opinion that the lower court correctly held there was insufficient minimal contact to constitute the insurance commissioner the agent for service of process, as the part payment was an isolated, single act instituted by the appellant through his employer and was not the act of the insurer in soliciting, issuing, or delivery of contract or policy of insurance. It also was not such transaction of insurance business as would constitute bringing the statute into effect, as this isolated act would violate, in our opinion, traditional notions of fair play and substantial justice when consideration is given to the quality, nature, and extent of the defendant's activity in this state.
The appellant relies upon Jarrard Motors, Inc. v. Jackson Auto & Supply Co., Inc., 237 Miss. 660, 115 So.2d 309 (1959); McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); and Parmalee v. Iowa State Traveling Men's Ass'n, 206 F.2d 518, 44 A.L.R.2d 410 (5th Cir.1953), as establishing his point that the defendant had sufficient business activities within this state to invoke the statute. An examination of these cases discloses that in each there was more than a single business act. There was in Jarrard, supra, almost absolute control over the method and manner of doing business. In McGee, supra, there was solicitation, delivery and payment within the forum state. In Parmalee, supra, the facts were:
* * * Having obtained assured's name from a lawyers' directory, an application form for membership in the defendant association was mailed to him from its Iowa office. Upon its receipt and approval, a certificate of membership was mailed to Parmalee from the Iowa office of the association and received by him in Florida. Remittance for the membership fee of $2.00 was forwarded by Parmalee by mail and received at the Iowa office. He regularly received, through the United States mails at Miami, Florida, notices of assessments for membership dues from the appellee's Iowa office and as these were received the same were paid by the issuance of checks and the mailing of them to the Iowa office. * * * (206 F.2d at 520).
Each of these cases portrays facts far in excess of the isolated act of payment under a policy as here. As such they are readily distinguishable and not controlling.
We find no error in the trial and judgment of the lower court. In fact, it is our conclusion that the judgment is in accord with the facts and the applicable rules of law. The cause is therefore affirmed.
Affirmed.
GILLESPIE, P.J., and RODGERS, BRADY, and SMITH, JJ., concur.