Talmadge **DAWKINS** and Versie Dawkins, Plaintiffs,

v.

**WHITE PRODUCTS CORPORATION OF MIDDLEVILLE, MICHIGAN and Therm-O-Disc, Incorporated, Defendants.**

No. EC 70–30.

United States District Court, N. D. Mississippi, E. D.

Sept. 8, 1970.

James W. Nobles, Jr., of Barnett, Montgomery, McClintock & Cunningham, Jackson, Miss., Burris O. Smith, of Strong, Smith & Deramus, Louisville, Miss., for plaintiffs.

William J. Gunn, of Williams, Gunn, Eppes & Crenshaw, Meridian, Miss., David Williams, of Wilbourn, Williams &. Glover, Meridian, Miss., for defendants.

## MEMORANDUM OPINION

ORMA R. SMITH, District Judge.

This action was originally filed in the Circuit Court of Winston County, Mississippi against White Products Corporation of Middleville, Michigan, and Therm-O-Disc, Inc. Plaintiffs have attempted to acquire jurisdiction in Mississippi of both defendants under Mississippi's "Long Arm" Statute, Miss.Code 1942, Ann. § 1437 (Supp.1968) by contending that both defendant corporations have been doing business in Mississippi but have not qualified to do so.

This action was subsequently removed to this court and on May 28, 1970 plaintiffs amended their declaration to allege that not only have defendants been doing business in Mississippi but have committed a tort, in whole or in part, within the state within the meaning of Miss.Code 1942, Ann. § 1437 (Supp.1968).

On May 4, 1970 defendant Therm-O-Disc, Inc., a nonresident corporation of the State of Mississippi, filed a Motion To Dismiss on two grounds: (1) that the court lacks jurisdiction in that at no time did defendant Therm-O-Disc, either in person or by agent, servant or employee, or by doing business or making of any contract or committing of any tort or the performing of any character of work or service in the State of Mississippi, appoint the Secretary of State of the State of Mississippi to be its true and lawful attorney, or agent upon whom process or summons could be served; and (2) that the complaint fails to state

a claim against defendant upon which relief can be granted.

On May 12, 1970 defendant Lamb Industries, Inc. filed a Motion To Dismiss alleging the same two grounds but additionally adding the following grounds: (1) that the action should be dismissed as to defendant White Products Corporation of Middleville, Michigan because there was no such corporation known as White Products Corporation in that it was dissolved several years ago; (2) that this action should be dismissed as to Lamb Industries, Inc. in that this action is barred by the Mississippi Statute of Limitation.

Plaintiffs seek damages as a result of a water heater exploding in their cafe in the amount of $15,265.43, together with interest and all costs. Plaintiffs allege that said water heater was manufactured by defendant White Products Corporation of Middleville, Michigan, and in constructing said water heater utilized a defective thermostat manufactured by defendant Therm-O-Disc, Inc.

It appears from the affidavits of Edward Lamb and W. R. Lichota that in October of 1953 a Michigan corporation was formed under the name of Thornapple Corporation and in February of 1954 the said Thornapple Corporation changed its name to White Products Corporation. In August of 1965 the name of the corporation was again changed to Barry Corporation. In July of 1967 the said Barry Corporation was dissolved and has not existed as a corporation since July 11, 1967. Lamb Industries, Inc. owned all of the corporate stock of the above said Michigan Corporation.

The record shows that plaintiffs owned a cafe building and eating establishment which was constructed in the month of January of 1963 at which time the alleged defective water heater was installed in the above said cafe. The record does not show who purchased the water heater or where the contract was consummated. There is no indication that either defendant Corporation had any contact with the State of Mississippi or with any person, agent or employee therein.

It appears that the water heater was constructed in Michigan by defendant White Products Corporation utilizing a thermostat manufactured by Therm-O-Disc, Inc. and sold to defendant White Products Corporation.

Apparently plaintiffs base their contention on Mississippi Code 1942, Annotated § 1437, as Amended, which provides that if any non-resident corporation not qualified to do business in Mississippi commits a tort, in whole or in part, in this state against a resident of this state, then lawful process may be served upon the Secretary of State of the State of Mississippi, and such service shall be of the same legal force and effect as if served on the nonresident at its principal place of business in the state where it is incorporated and according to the law of the state.

The court is of the opinion that this court does not have jurisdiction over either corporate defendant herein, and that this cause should be dismissed without prejudice as to said defendants.

At first blush, it appears that for this court to retain jurisdiction over the corporate defendants would not violate any due process requirement for substituted service under the Fourteenth Amendment to the United States Constitution. This position is buttressed by the opinion of the United States Circuit Court of Appeals for the Fifth Circuit, in the case of Eyerly Aircraft Co. v. Killian.[1] This case involved a minor child who was seriously injured in a fall from an amusement ride in Dallas, Texas. The ride in question was manufactured by an Oregon corporation approximately twenty years prior to the accident and from there indirectly peregrinated to Texas through interstate commerce.

The two main issues before the court was whether the assertion of the Texas "Long Arm" jurisdiction in this

1. 414 F.2d 591 (5 Cir. 1969).

diversity action was consistent with due process, and, if so whether the specific measurements of the Texas "Long Arm" statute reached as far as the constitution permitted it to do. The court, speaking through Judge Goldberg, said:

> "Where a nonresident corporation engages in a single isolated transaction in a state and a tort claim arises out of that activity, the state may assert jurisdiction over the nonresident corporation without contravening due process."[2]

The court also went on to hold that the Texas "Long Arm" statute was as broad as constitutional limits would permit, and held:

> "When construing a state 'Long Arm' statute, a federal court in a diversity case is required under the doctrine of Erie R. R. Co. v. Tompkins, 1933, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, to give the statute the same construction as would the highest court of that state. Walker v. Savell, 5 Cir. 1964, 335 F.2d 536, 540."[3]

With the due process issue settled this court must now look at the Mississippi's "Long Arm" statute to see if it too stretches as far as the constitution permits.

This court is inclined to follow the interpretation by Judge Walter L. Nixon, United States District Judge for the Southern District of Mississippi, as to the breadth of Mississippi's "Long Arm" statute. Judge Nixon discussed fully the extent to which the Mississippi Supreme Court has extended Section 1437 as read in conjunction with Mississippi Code 1942, Ann., § 5345, dealing with jurisdiction over foreign corporations "doing business" in the State of Mississippi in the case of Easterling v. Volkswagen of America, Inc.[4]

The *Easterling* case involved a suit by a resident of Mississippi seeking damages from the defendants for personal injuries and property damages sustained by plaintiff in the wreckage of her 1960 Volkswagen, alleging a breach of warranty and negligence in construction. After extensive discussion in which the court followed the Fifth Circuit decision in *Eyerly*, the court specifically addressed itself to the Mississippi statute, discussing the various Mississippi Supreme Court decisions. Judge Nixon held that the basic factors specified in the case of Mladinich v. Kohn,[5] must be present before there can be effective service of process under the "Long Arm" statute. In relating the holding of the *Mladinich* case, Judge Nixon said:

> "In this case the Court held that in order to subject a nonresident to jurisdiction in the State of Mississippi, in addition to the requirements that it have certain 'minimal contacts' with the forum state and that assumption of jurisdiction would not offend 'traditional notions of fair play and substantial justice,' that there were three other basic factors which must coincide, and these are: '(1) the nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction in the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic requisites of the situation.' "[6]

It appears that the Mississippi Supreme Court is reluctant to extend the reach of Section 1437, even as amended,

---

2. 414 F.2d at 597.

3. 414 F.2d at 598–599; see n. 9.

4. 308 F.Supp. 966 (D.C.S.D.Miss.1969).

5. 250 Miss. 138, 164 So.2d 785 (1964).

6. 308 F.Supp. at 976.

to the limits permissible under the constitution. As Judge Nixon said:

"Although the above criteria were laid down in Mladinich v. Kohn, prior to the effective date of the amendment to section 1437, they have been retained as necessary and essential prerequisites to the acquisition of jurisdiction since that amendment and up to this date, as is apparent by reading subsequent decisions of the Mississippi Supreme Court. See Hilbun v. California-Western States Life Insurance Company, 210 So.2d 307 (Miss.1968); Breckenridge v. Time, Inc., 253 Miss. 835, 179 So.2d 781 (1965); Republic-Transco Industries, Inc. v. Templeton, supra, 253 Miss. 132, 175 So.2d 185.

Either the jurisdictional arm of section 1437 as amended is not as long as it appears in its sleeve or the Mississippi Supreme Court has shortened it by judicial surgery to a length shorter than the permissible constitutional reach."[7]

The sole and only connection with the hot water heater which exploded in plaintiffs' Mississippi cafe was that one defendant manufactured the thermostat, which is said to have caused the explosion and the other defendant, or its subsidiary used the thermostat as a component part in assembling the heater. None of these activities were performed in Mississippi. The heater was not moved into Mississippi by either defendant, nor was it sold or delivered by either defendant to anyone in Mississippi.

The fact that the heater exploded in Mississippi, on account of an alleged defective condition of the thermostat, does not, in the opinion of the court, constitute the minimal contacts which are prerequisite to personal jurisdiction over a nonresident defendant.

One of the standards fixed by Mississippi courts is, that the nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state to justify in personam jurisdiction. The facts in the case subjudice do not establish that either defendant purposefully did any act or consummated any transaction in Mississippi. Thus, this court does not have in personam jurisdiction of either defendant.

The Motions To Dismiss will be sustained and an appropriate order will be entered.