L. P. ALFORD, Plaintiff,

v.

M. L. WHITSEL, Defendant.

No. EC 7082.

United States District Court,
N. D. Mississippi, E. D.

Feb. 5, 1971.

Roy O. Parker, Tupelo, Miss., for plaintiff.

W. P. Mitchell, of Mitchell, Rogers & Eskridge, Tupelo, Miss., for defendant.

## MEMORANDUM OPINION

ORMA R. SMITH, District Judge.

This action is before the court on motion of defendant to dismiss for lack of jurisdiction over the person of defendant.

Plaintiff is a citizen of the State of Mississippi. Defendant is a citizen of the State of Missouri.

Jurisdiction is based upon diversity of citizenship, the action being one of a civil nature involving a matter exceeding the sum or value of $10,000, exclusive of interest or costs.[1] Plaintiff seeks to recover from defendant actual and punitive damages in the sum of $100,000.

Plaintiff alleges that defendant voluntarily appeared in person before the Grand Jury of the Circuit Court of Chickasaw County, Mississippi on October 13, 1969, and prevailed upon the Grand Jury to indict him on a charge of false pretense. Plaintiff charges that defendant maliciously and willfully withheld from the Grand Jury the true facts surrounding the incident giving rise to the indictment.[2]

Plaintiff seeks compensation for the damages said to have been suffered by him resulting from the alleged malicious, false and unfounded prosecution to which he was subjected by defendant.

The summons for defendant issued in the action was served upon the Secretary of State of Mississippi, as the lawful process agent for defendant. Plaintiff contends that in personam jurisdiction over defendant was acquired by virtue of Sections 1437, (hereinafter sometimes referred to as the "Long Arm" statute) 1438 and 9352–61, Mississippi Code 1942, Ann. (Rec. 1956).[3]

The Mississippi Legislature amended Section 1437, at its regular session in 1964. The amendment became effective on July 1, 1964.[4] The section was subject to a later amendment in 1968, but the amendment is not pertinent to the issue here presented. The amended section provides, inter alia, that any nonresident person "who shall commit a tort in whole or in part in this State (Mississippi) against a resident of this State, * * * shall by such act or acts be deemed to be doing business in Mississippi". The section further provides that such act or acts shall be equivalent to the appointment by such nonresident person of the Secretary of State of Mississippi as the lawful process agent of such nonresident person upon whom all lawful process may be served in any action or proceeding growing out of such tort.[5]

---

1. 28 U.S.C.A. § 1332(a) (1).

2. The substance of plaintiff's grievances is contained in paragraph III of the complaint which is as follows:

   "That on or about October 13, 1969, the defendant M. L. Whitsel, voluntarily appeared before the Grand Jury of Chickasaw County, Mississippi, and had the plaintiff, L. P. Alford, indicted on a charge of false pretense. The defendant did not tell the Grand Jury the full and true facts surrounding a $500.00 check which was the sole basis for the indictment by the Grand Jury. The aforesaid prosecution was malicious and willfully instituted by the defendant against the plaintiff without semblance of right or probable cause."

3. Sections 1438 and 9352–61 are not material to the issue now before the court. They deal with the manner in which process authorized by Section 1437 may be served, and the force and effect of such service.

4. House Bill No. 128, Chapter 320, Mississippi Laws 1964.

5. The part of Section 1437 applicable to this action is set forth in this footnote.

   "Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this State as to doing business herein, who shall make a contract with a resident of this State to be performed in whole or in part by any party in this State, or who shall commit a tort in whole or in part in this State against a resident of this State, or who shall do any business or perform any character of work or service in this State, shall by such act or acts be deemed to be doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such nonresident of the Secretary of State of the State of Mississippi, or his successor or successors in office, to be the true and lawful attorney or agent of such nonresident upon whom all lawful process may be served in any actions or proceedings accrued or accruing from such act or acts, or arising from or growing out of such contract or tort, or as an incident thereto, by any such nonresident or his, their, or its agent, servant or employee. The doing of such business, or the engaging in any such work or service in this State, or the making of

The question presented to the court is whether the personal appearance of defendant at the time above mentioned, before the Grand Jury in Chickasaw County, Mississippi, for the purpose of seeking an indictment against plaintiff on a charge of false pretense, under the conditions and circumstances alleged in the complaint, constituted the commission of a tort such as to render defendant amenable to the process issued in this action and served upon the Secretary of State pursuant to the sections of the Mississippi Code above mentioned.

There are numerous decisions of the Mississippi Supreme Court rendered both before and after the 1964 amendment to the "Long Arm" statute, which discuss the conditions that must exist before in personam jurisdiction may attach to a nonresident defendant served with process pursuant to the provisions of this statute.[6]

The "Long Arm" statute has also been the subject of numerous recent decisions of the federal courts.[7]

■ A study and analysis of all the cases shown in footnotes six and seven

leave the court convinced that the amenability of a nonresident individual defendant, such as the defendant in the case sub judice, to a process served pursuant to the "Long Arm" statute aforesaid is to be measured by the criteria set forth in *Mladinich I*, supra. This criteria is as follows:

" '(1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.' " 164 So.2d at 790.

■ It is settled law that when construing a state "Long Arm" statute,

such contract, or the committing of such tort in this State, shall be deemed to be a signification of such nonresident's agreement that any process against it which is so served upon the Secretary of State shall be of the same legal force and effect as if served on the nonresident at its principal place of business in the state or country where it is incorporated and according to the law of that state or country."

6. Some of the cases decided before the amendment are Davis-Wood Lumber Co. v. Ladner, 210 Miss. 863, 50 So.2d 615 (1951); Jarrard Motors, Inc. v. Jackson Auto & Supply Co., 237 Miss. 660, 115 So.2d 309 (1959); Livestock Services, Inc. v. American Cyanamid Co., 244 Miss. 531, 142 So.2d 210 (1962).
Among the cases decided after the amendment are, Mladinich v. Kohn, 250 Miss. 138, 164 So.2d 785 (1964). (This case involved process issued prior to amendment, but is a landmark case in the state. The case will be cited in this opinion as "Mladinich I", as it is the subject of a later decision by the court) Republic-Transcon Industries, Inc. v. Temple-

ton, 253 Miss. 132, 175 So.2d 185 (1965); Breckenridge v. Time, Inc., 253 Miss. 835, 179 So.2d 781 (1965); Mladinich v. Kohn, 186 So.2d 481 (Miss.1966); Hilbun v. California-Western States Life Ins. Co., 210 So.2d 307 (Miss.1968); Collins v. Truck Equipment Sales, Inc., 231 So. 2d 187 (Miss.1970).

7. Walker v. Savell, 335 F.2d 536 (5 Cir. 1964); Mid-Continent Telephone Corp. v. Home Telephone Co., 307 F.Supp. 1014 (N.D.Miss., Delta Division, 1969, Chief Judge Keady); Easterling v. Volkswagen of America, Inc., 308 F.Supp. 966 (S.D. Miss., Hattiesburg Division, 1969, Judge Nixon); Smith v. Barker, 306 F.Supp. 1173 (N.D.Miss., E. Division, 1968, Chief Judge Keady); Alabama Great Southern R. Co. v. Allied Chemical Co., 312 F.Supp. 3 (E.D.Virginia, Richmond Division, 1970); Casano v. WDSU–TV, Inc., 313 F.Supp. 1130 (S.D.Miss., S. Division, 1970, Judge Nixon); Dawkins v. White Products Corp. of Middleville, Mich., 317 F.Supp. 53 (N.D.Miss., E. Division, 1970, Judge Smith) (Now pending on appeal in the Court of Appeals for the Fifth Circuit).

a federal court in a diversity case is required to give the statute the same construction as would the highest court of that state. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Walker v. Savell, supra; Eyerly Aircraft Co. v. Killian, 414 F.2d 591 (5 Cir. 1969); Dawkins v. White Products Corp. of Middleville, Mich., supra.

■ It is equally well settled that the "Long Arm" statute applies to individual as well as corporate defendants. *Mladinich I,* supra.

Another principle universally accepted is that whether a nonresident defendant is amenable to process served under the "Long Arm" statute of a state is a question dependent primarily upon facts and circumstances of each particular case. Davis-Wood Lumber Co. v. Ladner, supra; Jarrard Motors, Inc. v. Jackson Auto & Supply Co., supra; Republic-Transcon Industries, Inc. v. Templeton, supra.

The facts involved in *Mladinich I* are somewhat similar to the facts involved in the action sub judice. The opinion in *Mladinich I* recites the basic facts involved in the case, as follows:

> "In the instant case, Kohn, a resident citizen of Louisiana, was invited to make a speech to a religious association in this state. His employment was confined to problems of law enforcement in three Louisiana parishes in the New Orleans metropolitan area. Prior to the Mississippi speech in question, Kohn had made only one other address in recent years in this state. It was also to a religious group. For the speech in question, he received no remuneration and no expenses. He made the speech for what he considered a civic duty and courtesy in response to the invitation. His Louisiana employer, the Crime Commission, did not know he was making it, had nothing to do with it, and it was not within the scope of his employment. In this address Kohn alleg-

edly slandered three citizens of this state." 164 So.2d at 790.

In evaluating the factors in *Mladinich I* the court held that Kohn purposefully did an act in this state, and the cause of action arose from that act. Thus the court held, that the facts under consideration by the court met two of the three basic factors which must coincide for jurisdiction to be entertained. The court held, however, that the third factor was lacking because, under the facts and circumstances of the case, the assumption of in personam jurisdiction over Kohn would offend "traditional notions of fair play and substantial justice". 164 So.2d at 790. The court said:

> "Evaluating these factors, Kohn purposefully did an act in this state, and the cause of action arose from that act. However, his speech was an isolated, single act, done with no financial gain in view, and did not constitute the 'minimal contacts' sufficient to give this state jurisdiction. It was an isolated excursion here for an uncompensated speech, solicited by Mississippi residents, and it involved no systematic or continuing action by Kohn. The quality and nature of his activities were inconsequential. It would be unreasonable under these standards to assume jurisdiction. For all of these reasons, the assumption of in personam jurisdiction over him in this action would offend 'traditional notions of fair play and substantial justice.' * * *" 164 So.2d at 790.

The Mladinich court speaks of a speech which was an isolated single act, done with no financial gain in view, an isolated excursion in the state for an uncompensated speech, solicited by Mississippi residents, which involved no systematic or continuing action by Kohn. For these reasons, the court said, the assumption of in personam jurisdiction over Kohn would offend "traditional notions of fair play and substantial justice".[8] The court went on to say

8. 164 So.2d at 790.

"We do not attempt to define a rule pertaining to state jurisdiction over a single, isolated tort committed in this state, but hold there is none here".[9]

█ In considering the issues presented on the motion to dismiss, the court must accept as true the allegations of the complaint. Plaintiff alleges that defendant purposefully came to Mississippi, and prevailed upon the Grand Jury of Chickasaw County to return an indictment against plaintiff; that defendant deliberately withheld facts from the jury which would have exonerated plaintiff of any criminal act in regard to the check given defendant by plaintiff, and that the acts of defendant were willfully and maliciously done.

The Supreme Court of Mississippi has not defined a rule pertaining to state jurisdiction over a single, isolated tort committed within the state. *Mladinich I, supra.* This diversity court sits as a state court in this action and must decide the issue as the court believes the Mississippi Supreme Court would decide it.

The "Long Arm" statute is plain and unambiguous. The statute states in clear language that a nonresident person who commits a tort in whole or in part in this state against a resident of this state, shall by such act be deemed to be doing business in Mississippi, thereby designating the Secretary of State as his process agent.

It is abundantly clear that the defendant, a nonresident person, committed a tort within this state against plaintiff, a resident of the state. Thus defendant must come within the scope of the statute, unless the holding of the court in *Mladinich I* and its progeny acts to remove defendant therefrom.

If the court, on the basis of the facts and circumstances shown to exist in this case, determines that to assume in personam jurisdiction of defendant would offend traditional notions of fair play and substantial justice, defendant is not amenable to the process served upon him in this action.

Consideration having been given to the quality, nature and extent of defendant's activities in this state, the relative convenience of the parties, the benefits and protection of the laws of this state afforded the parties, and the basic equities of the situation, the court is of the opinion that the retention of in personam jurisdiction of defendant in this action does not offend traditional notions of fair play and substantial justice.

The failure to retain in personam jurisdiction of defendant would require plaintiff to pursue his action in a foreign forum, where the wrongs were not inflicted. This would require plaintiff to ask a foreign forum, where defendant resides, to enforce the rights and remedies afforded him by this state. Since the tort of which complaint is made occurred in this state, and the witnesses live here, this court is the more convenient forum. These facts, considered in light of the fact that defendant's tort is said to have been maliciously and willfully done, compel the holding that to require defendant to defend the action in this court does not offend traditional notions of fair play and substantial justice.

The motion to dismiss for lack of jurisdiction over the person of defendant will be overruled.

An appropriate order will be entered by the court.

9. Id.