JAMES E. BOST, Commissioner,
for the Court:[1]
Ga-Pak Lumber Company, Inc., a building materials broker and a Mississippi corporation, sued in the Chancery Court of Madison County, seeking to collect $31,-801.60 for materials furnished to construct an apartment complex in Madison County. At the time suit was filed, the apartment complex was owned by Hickory Knoll, Ltd., a nonresident limited partnership organized under the laws of Georgia. Complainant sought to join as parties-defendant the nonresident limited partners of Hickory Knoll, Ltd., and to require them to pay into the registry of the court the capital contribution debt they allegedly owed the partnership.
Process on the nonresident limited partners of Hickory Knoll, Ltd. was obtained under the “long arm” statutes [Mississippi Code Annotated sections 13-3-57 and 13-3-63 (1972)] by service upon the Secretary of State of the State of Mississippi. Appel-lees, the nonresident limited partners, moved to quash process, vacate service, and dismiss the petition. The chancery court sustained the motion and dismissed as to these defendants. Ga-Pak has appealed, assigning as error the following ground: The lower court had jurisdiction of the nonresident limited partners.
On July 11, 1974, Ga-Pak filed its amended petition for attachment, discovery, and enforcement of a materialmen’s lien against *1272 (1) Lenn Christie and Carroll Christie, individually, and d/b/a Christie Developers; (2) Hickory Construction Company, a Mississippi corporation; (3) Hickory Knoll, Ltd., a nonresident limited partnership; (4) the nonresident general partner of Hickory Knoll, Ltd., and (5) the four nonresident limited partners of Hickory Knoll, Ltd., ap-pellees herein. These facts were averred as cause of action:
On March 30, 1973, the Christies purchased land in Madison County, Mississippi, and on that same date, borrowed $2,352,000 from United Jersey Mortgage Company, giving United Jersey their promissory note and deed of trust on the Madison County property. Appellant’s petition alleged that this loan was to pay the cost of constructing the Hickory Knoll Apartments. Thereafter, the Christies and Hickory Construction Company began construction of the apartments and bought building supplies from Ga-Pak. These supplies were sold and delivered between July 21, 1973, and December 12,1973, and of the total purchase price, Ga-Pak was not paid $31,801.60.
On December 26, 1973, after the date of final purchase and while this debt was owing, a certificate of limited partnership issued in the State of Georgia creating Hickory Knoll, Ltd., a limited partnership whose purpose was the acquisition, construction, and management of an apartment complex in Madison County, Mississippi. Lenn Christie was named as general partner, and four limited partners were listed along with their capital contributions. On this same date, the Christies conveyed the Madison County property to Lenn Christie as general partner for and on behalf of Hickory Knoll, Ltd. As consideration, Hickory Knoll, Ltd., assumed $2,200,000 of the $2,352,000 the Christies owed United Jersey Mortgage Company.
Ga-Pak’s joinder of the Christies and Hickory Knoll, Ltd., was upon the theory that Ga-Pak was the third party beneficiary of (1) the construction loan commitment between the Christies and United Jersey Mortgage Company, and (2) the assumption of that debt by Hickory Knoll, Ltd. Join-der of the nonresident limited partners was upon the assertion that the limited partnership was indebted unto the complainant and the limited partners indebted unto the limited partnership, therefore, Ga-Pak was entitled to enforce payment of the limited partners’ debt to the limited partnership as a third party beneficiary of that debt. Ga-Pak also averred that jurisdiction over the nonresident partnership under the “doing business” provision of the “long arm” statute also gave the court jurisdiction over the nonresident limited partners.
The nonresident limited partners moved to quash process and dismiss as to them, alleging by affidavit that (1) now and at all times pertinent to this suit, they have been nonresidents of Mississippi and residents of Atlanta, Georgia; (2) they are limited partners in Hickory Knoll, Ltd., a limited partnership organized December 26, 1973, in conformity with the Georgia Uniform Limited Partnership Act; that the principal place of business of Hickory Knoll, Ltd., is in Atlanta, Georgia; that the certificate of limited partnership was properly filed for record in Fulton County, Georgia, on December 27,1973, and that a true copy thereof was filed for record in the office of the Chancery Clerk of Madison County, Mississippi, on December 27,1973, and recorded in Book 8, pages 281-285, and that a copy of said certificate was annexed as an exhibit to the original petition of Ga-Pak in this cause; and (3) that at no time pertinent to the lawsuit have any of them entered into a contract with a resident of Mississippi to be performed in whole or in part by any party in Mississippi, nor have any of them com-, mitted a tort in whole or in part in Mississippi against a resident of this state, nor have any of them done any business or performed any character of work or service, or business in Mississippi; that at no time have any of them taken part in the control of the business of the limited partnership, and that the contributions of the limited partners have been paid in full to the limited partnership.
It was thereafter stipulated by the parties as follows:
*1273 That C. V. Nalley, Jr. and Theodore B. Bean (two of the nonresident limited partners — appellees) are present and ready to testify in Court this date and that if they were put on the witness stand they would testify as set out in the affidavit attached to their motion . ., and that the Court may consider the allegations of said affidavit as evidence or testimony in ruling on said motion.
The record reflects no contradiction as to any of those matters set out in the foregoing affidavit.
Mississippi Code Annotated section 79-13-3 (1972) states:
A limited partnership is a partnership formed by two or more persons under the provisions of section 79-13-5 of this chapter, having as members one or more general partners and one or more limited partners. The limited partners as such shall not be bound by the obligations of the partnership.
Section 79-13-51 provides:
A contributor, unless he is a general partner, is not a proper party to proceedings by or against a partnership, except where the object is to enforce a limited partner’s right against or liability to the partnership. (Emphasis added)
Section 13-3-57 provides:
Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi. . . .
Ga-Pak argues that the ownership and operation of a multi-million dollar apartment complex in Mississippi constitutes sufficient minimum contacts and sufficiently substantial connection with the State of Mississippi to justify subjecting the limited partners of the owning limited partnership to the jurisdiction of the Mississippi courts to enforce payment of the unpaid balance of their capital contributions to the limited partnership.
We disagree. The nonresident limited partnership doing business in Mississippi is subject to jurisdiction of the Mississippi Courts under the “long arm” statute on a cause of action arising from or connected with the act of doing business in Mississippi. Miss. Code Ann. § 13-3-57 (1972); Republic-Transcon Industries, Inc. v. Templeton, 253 Miss. 132, 141-142, 175 So.2d 185, 189.
Service of process on a nonresident general partner under the “long arm” statute is sufficient to confer jurisdiction over the nonresident limited partnership and the nonresident general partner. Hibou, Inc. v. Ramsing, 324 A.2d 777 (Del.Super.1974); Miss. Code Ann. §§ 79-13-19 and 79-13-55 (1972). This rule does not apply as to the nonresident limited partners of a nonresident partnership even though the partnership is doing business in Mississippi. By Mississippi statutes already cited, it is recognized that limited partners have little or no control over partnership affairs. Consequently, they are not proper parties to suits against the partnership unless the object of that suit is to enforce the limited partner’s liability to the limited partnership, and should not be compelled to join in suits filed for any other purpose.
In this case, the affidavit of the limited partners, stipulated to be evidence and uncontradicted, show that they have done none of the acts set out by the “long arm” statute as requisite to confer jurisdiction, and show also that they have paid their indebtedness to the limited partnership in full.
Section 390, 60 Am.Jur.2d, Partnerships (1972), provides:
While a limited partnership is not an entity separate from its members, it may be considered a separate entity for purposes of pleading. And a limited partnership is generally subject to the same rules in an action for damages as are *1274 applied to a corporation or an unincorporated association.
In Republic-Transcon Industries, Inc. v. Templeton, supra, this Court detailed the three basic factors which must coincide if jurisdiction is to be entertained by the courts of this State. In our opinion, those factors are not shown to exist in this case. See Collins v. Truck Equipment Sales, Inc., 231 So.2d 187 (Miss.1970); Hilbun v. California-Western States Life Insurance Co., 210 So.2d 307 (Miss.1968); Mladinich v. Kohn, 186 So.2d 481 (Miss.1966) and 250 Miss. 138, 164 So.2d 785 (1964); Breckenridge v. Time, Inc., 253 Miss. 835, 179 So.2d 781 (1965); Century Brick Corp. of America v. Carroll, 247 Miss. 514, 153 So.2d 683 (1963); Livestock Services, Inc. v. American Cyanamid Company, 244 Miss. 531, 142 So.2d 210 (1962).
We find that the action of the chancellor in sustaining the motion to quash process, vacate service, and dismiss as to appellees herein was correct, and the same is, therefore, affirmed.
AFFIRMED.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.

. Sitting pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.