344 So.2d 736 (1977)
Claude T. MILLER, d/b/a 4M Construction Company
v.
GLENDALE EQUIPMENT & SUPPLY, INC.
No. 49282.
Supreme Court of Mississippi.
April 6, 1977.
Rehearing Denied April 27, 1977.
*737 Crawley & Ford, Michael H. Steele, Kosciusko, for appellant.
Brooks & Guyton, William D. Brooks, Kosciusko, for appellee.
Before INZER, SUGG and LEE, JJ.
LEE, Justice, for the Court:
Claude T. Miller filed suit in the Circuit Court of Attala County against Glendale Equipment & Supply, Inc. for damages resulting from a breach of contract. The trial court entered an order dismissing the cause for lack of jurisdiction under Mississippi Code Annotated § 13-3-57 (1972) [Long Arm Statute] and Miller appeals.
The only question presented here is whether or not the statute applies and whether or not the trial court erred in dismissing the suit.
On March 19, 1975, Joseph Diamond, President of Glendale Equipment & Supply, Inc., and Miller entered into a contract by telephone for the sale and purchase of a bulldozer (tractor) at a price of twenty-one thousand dollars ($21,000). Glendale agreed to deliver the machine from Canton, Ohio (its domicile) to Miller in Attala County, Mississippi. Miller sent a check to Glendale in said amount and when it cleared, Glendale delivered the machine to Miller's farm on one of its low-boy trucks. Miller unloaded the bulldozer and found it to be in unsatisfactory condition and in need of extensive repairs. He then insisted that Glendale's driver call Diamond by telephone in Canton, Ohio, which was done. Diamond agreed to send certain new parts to Miller and to pay for installing same. Glendale was not doing business in the State of Mississippi, and had not sold or delivered any other machines or equipment in Mississippi.
The case of Smith v. Temco, Inc., 252 So.2d 212 (Miss. 1971) is controlling here. In that case, Temco was not doing business in the State of Mississippi and was domiciled in Nashville, Tennessee. It manufactured heaters and, through a circuitous route in interstate commerce, a defective heater was finally purchased by a resident of Mississippi. As a result of the defect in the heater, Smith's house burned and was destroyed together with its contents. Suit was filed against Temco in tort and process was obtained under that part of the statute which provides: "Any nonresident person, firm, ... who shall commit a tort in whole or in part in this state against a resident of this state, ..." The trial court held that the long arm statute did not apply and dismissed the suit. In reversing and remanding the cause, this Court stated:
"Thus the narrow question presented for determination on this appeal is squarely posed. Does the Mississippi `long arm' statute, under the amendment which became effective July 1, 1964, the amended statute now appearing as Mississippi Code 1942 Annotated section 1437(a) (Supp. 1970), confer jurisdiction upon the Circuit Court of Pearl River County?
Mississippi Code 1942 Annotated section 1437(a) (Supp. 1970), containing the July 1, 1964 amendment, provides in part:
(a) Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this State as to doing business herein, who shall make a contract with a resident of this State to be performed in whole or in part by any party in this State, or who shall commit a tort in whole or in part in this State against a resident of this State, or who shall do any business or perform any character of work or service in this State, shall by such act or acts be deemed to be *738 doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such nonresident of the Secretary of State of the State of Mississippi, or his successor or successors in office, to be the true and lawful attorney or agent of such nonresident upon whom all lawful process may be served in any actions or proceedings accrued or accruing from such act or acts, or arising from or growing out of such contract or tort, or as an incident thereto, by any such nonresident or his, their, or its agent, servant or employee. (Emphasis added).
Our present concern is limited to an interpretation of this new language, which was inserted by the 1964 amendment: `* * * who shall commit a tort in whole or in part in this State against a resident of this State. * * *'
* * * * * *
In the cases decided under the statute before the 1964 amendment, this Court held, in effect, that Mississippi courts personam jurisdiction of the nonresident defendant was dependent upon whether such defendant had, or had not been `doing business' in Mississippi, or whether it had or had not `sufficient significant contacts in Mississippi' to subject it to the jurisdiction of the Mississippi courts. This test was further restricted to those cases in which `traditional notions of fair play and of substantial justice' were not offended. Collins v. Truck Equipment Sales, Inc., 231 So.2d 187 (Miss. 1970); Hilbun v. California-Western States Life Ins. Co., 210 So.2d 307 (Miss. 1968); Mladinich v. Kohn, 186 So.2d 481 (Miss. 1966); Breckenridge v. Time, Inc., 253 Miss. 835, 179 So.2d 781 (1965); Republic-Transcon Industries, Inc. v. Templeton, 253 Miss. 132, 175 So.2d 185 (1965); Mladinich v. Kohn, 250 Miss. 138, 164 So.2d 785 (1964).
By the insertion of the new matter, there can be no doubt that the intention of the Legislature was to broaden the scope of the statute and to enlarge the jurisdiction of the Mississippi courts so as to reach nonresident defendants in two new and distinct categories: (1) The nonresident defendant who shall make a contract with a resident to be fulfilled in the State in whole or in part, and the (2) nonresident defendant who shall commit a tort, in whole or in part, in this State against a resident of the State.
* * * * * *
In our view, one of the fundamental objects of the Legislature in adopting the 1964 amendment was to extend the personam jurisdiction of the courts of this State to the nonresident who may commit a tort in this State, either in whole or in part, to the injury of a resident of the State so as to provide a practical means for the enforcement of rights accruing under the products liability doctrine.
* * * * * *
The trial court erred in holding that it was without jurisdiction in the present case and in sustaining Temco's motion to dismiss. The judgment appealed from is reversed and the case is remanded." 252 So.2d at 214-217.
We make no distinction in that part of the statute which confers jurisdiction where a contract is performed in whole or in part by any party in this state with that which provides jurisdiction against a nonresident who shall commit a tort in whole or in part in this state against a resident of this state.
Other jurisdictions have adopted a similar construction previous to Temco. McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), involved construction of the California long arm statute. In 1944 Lowell Franklin, a resident of California, purchased a life insurance policy from the Empire Mutual Insurance Company, an Arizona corporation. In 1948, International Life Insurance Company assumed the insurance obligations of Empire Mutual and mailed a reinsurance certificate to Franklin in California, offering to insure him in accordance with the terms of the Empire Mutual policy. Franklin accepted the offer and from that time until his death in 1950 paid premiums by mail from his California home to International's *739 Texas office. His beneficiary filed proofs of death, but International refused to pay, claiming that Franklin had committed suicide. International did no business in California. Under those facts, the United States Supreme Court held that the California statute was constitutional, that International Life had no vested right not to be sued in California and that the California court had jurisdiction over the cause.
In Electro-Craft Corp. v. Maxwell Electronics Corp., 417 F.2d 365 (8 Cir.1969), a Minnesota corporation negotiated by mail and telephone for the purchase of certain merchandise from Maxwell Electronics Corporation domiciled in the State of Texas. The merchandise was shipped F.O.B. in five (5) shipments between November 2 and November 22, 1965. Electro-Craft sued for fraud, misrepresentation, breach of contract and breach of warranty.
The transaction involved was the only one between the parties and Maxwell never had an officer, employee or agent in Minnesota, never maintained an office or any physical facility in Minnesota, never advertised in Minnesota and was not qualified to do business in Minnesota. The Court held that while the contract was consummated in Texas, contractual consequences were reasonably anticipated in Minnesota and that the exercise of jurisdiction was consistent with constitutional requirements.
In the present case, the contract was made over the telephone by Glendale, a nonresident corporation, with Miller, a resident of this state. Miller obtained and mailed the $21,000.00 check from Mississippi to Glendale in Ohio. Glendale delivered the machine through its agent to Miller in Mississippi using the roadways of this state. Certainly, the contract was performed in part by Glendale and Miller in the State of Mississippi.
The trial court erred in holding that it did not have jurisdiction under the Mississippi long-arm statute and in sustaining appellee's motion to dismiss. The judgment appealed from is reversed and the case remanded.
REVERSED AND REMANDED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.