Coca-Cola Bottling Co. *v.* Cox.

(Division B.  Feb. 10, 1936.)

[165 So. 814.  No. 32057.]

Brewer & Montgomery, of Clarksdale, for appellant.

Dulaney & Bell, of Tunica, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellee purchased from a retail dealer in Tunica county, in this state, a bottle of Coca-Cola which had been bottled by appellant in Coahoma county. The proof shows that the bottle contained the decomposed bodies of roaches, and appellee having drunk, at the place of purchase, a portion of the contents of the bottle, was, as a result thereof, made ill. She sued appellant upon the implied warranty appertaining to such cases, the suit being instituted and prosecuted in Tunica county. Appellant moved for a change of venue, on the asserted ground that the cause of action accrued in Coahoma county where the drink was bottled, and not in Tunica county, when

and where all control of the bottle and its contents had passed beyond appellant's hands.

There is a diversity of opinion among the authorities upon the precise question, but we think it was ruled against the contention of appellant in Masonite Corporation v. Burnham, 164 Miss. 840, 851, 146 So. 292, 91 A. L. R. 752. There a distinction is made between the cause of the injury and the cause of action. It was said that although the cause of the injury may have had, and did have, its origin in one county, the cause was entirely harmless, and on account of which no action could accrue, until the injury took place, and when that injury occurred in another county, the cause of action, within the meaning of the statute, section 495, Code 1930, occurred or accrued in the latter county.

We think that instructions, covering the power of nine or more jurors to agree on the verdict and return it as the verdict of the jury, should conform substantially to the language of section 31, Constitution 1890, as amended; but upon a critical examination of the instruction complained of in this case, we are unable to declare that the instruction so far departs in substance from the constitutional language as to constitute reversible error, particularly in view of the fact that so far as the record discloses the verdict was unanimous.

The other points raised by appellant have been dealt with in numerous decisions by this court, and we add only that, as applied to this record, we find no reversible error.

Affirmed.