231 So.2d 187 (1970)
Gaston L. COLLINS
v.
TRUCK EQUIPMENT SALES, INC.
No. 45600.
Supreme Court of Mississippi.
January 26, 1970.
Melvin, Melvin & Melvin, Laurel, for appellant.
Gibbes & Graves, William S. Mullins, III, Laurel, for appellee.
*188 PATTERSON, Justice:
This is an appeal from a judgment of the Circuit Court of the Second Judicial District of Jones County which dismissed the appellant's suit against Truck Equipment Sales, Inc., for lack of jurisdiction.
The plaintiff below, Gaston L. Collins, is the owner of a place of business located in the community of Moselle which was destroyed on March 3, 1967, it is alleged, when a truck owned by Hilbun Farms, Inc., and driven by James L. Polson, crashed into it.
The declaration charged that the defendant, an Alabama corporation, had installed on the truck a steel extendible body and a rear tandem axle together with a hydraulic braking system. It alleged that the braking system was installed in a negligent and careless manner in violation of the rules and regulations of the Interstate Commerce Commission in that the defendant had used inferior brake tubing and had also failed to properly clamp and secure the brake line to the rear tandem axle and wheel, and that the improper assembly of this brake system contributed to the resulting accident.
Truck Equipment Sales, Inc., entered its appearance to challenge the jurisdiction of the court. It averred that it was an Alabama corporation which conducted all of its business within the State of Alabama and if any cause of action existed it could only be asserted in the state where the act complained of was committed.
The president of the defendant corporation testified that he had made several trips to Mississippi in connection with the plans to be performed on trucks owned by Hilbun Farms. He testified that the corporation had several representatives who traveled within this state soliciting the sale and installation of their products. However, he pointed out that the actual work of assembly and installation by the corporation was performed in Alabama, and added that the owners of the trucks delivered them to his plant for these services and picked them up subsequent thereto.
The lower court dismissed the suit holding that the act performed by the non-resident corporation within the State of Mississippi did not satisfy the "minimal contact" requirement necessary for the court to acquire jurisdiction.
The only issue on appeal is whether the trial court erred in this holding.
This Court, in Hilbun v. California  Western States Life Ins. Co., 210 So.2d 307 (Miss. 1968), Breckenridge v. Time, Inc., 253 Miss. 835, 179 So.2d 781 (1965), Republic Transcon Industries, Inc. v. Templeton, 253 Miss. 132, 175 So.2d 185 (1965), and Mladinich v. Kohn, 250 Miss. 138, 164 So.2d 785 (1964), set forth the requirements which constitute the "doing of business" by a foreign corporation in this state. They are as follows:
1. The non-resident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state;
2. The cause of action must arise from, or be connected with, such acts or transactions; and
3. The assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.
We are of the opinion that the appellant failed to meet the above requirements in that he did not establish any causal relationship between the negligence alleged and the activities of the defendant within the forum state.
*189 For the reason stated, the suit against Truck Equipment Sales, Inc., was properly dismissed by the trial court and its judgment is affirmed.
Affirmed.
GILLESPIE, P.J., and RODGERS, SMITH and ROBERTSON, JJ., concur.