252 So.2d 212 (1971)
Melton SMITH and Virginia Brady Smith
v.
TEMCO, INC.
No. 46266.
Supreme Court of Mississippi.
June 28, 1971.
Rehearing Denied September 14, 1971.
*213 Bryan, Gordon, Nelson & Allen, Pascagoula & Gulfport, for appellants.
Simrall, Aultman & Pope, Dorrance Aultman, Hattiesburg, for appellee.
SMITH, Justice:
Appellants, Melton Smith and Virginia Brady Smith, his wife, were plaintiffs, and appellee, Temco, Incorporated, a Tennessee corporation, domiciled in Nashville, Tennessee, was defendant, in an action for damages in a "products liability" case brought in the Circuit Court of Pearl River County. The case was voluntarily non-suited as to defendant A.E. Sanders, doing business as Sanders Plumbing and Electric Supply, and he is no longer involved in this litigation.
Defendant Temco, Incorporated, appeared in the trial court specially for the single purpose of challenging its jurisdiction. Temco's motion to dismiss was heard upon the facts alleged in appellants' declaration, which were accepted as true for the purpose of the hearing, and a stipulation as to certain additional facts. The court sustained Temco's motion to dismiss and held that it was without jurisdiction. From the judgment entered dismissing the action, Melton Smith and Virginia Brady Smith have appealed.
The record shows that appellants were residents of Pearl River County, that they owned a home there, to which an addition had been made in 1964. The house was supplied with electricity and liquified petroleum gas for the usual domestic purposes.
On October 25, 1966, appellants purchased from Sanders Plumbing and Electric Supply Company, a local retailer, a wall or space heater which had been manufactured by Temco. This heater was regulated by a thermostat manufactured by Honeywell, Incorporated, of Minneapolis, Minnesota, (not a party to this litigation) which was packaged with the heater at the factory.
The declaration alleged that "the proper installation of said wall heater was completed on October 28, 1966." It was charged that the heater "continuously and intermittently came off and on and could not be controlled by its thermostat," and that it "was not equipped with a high limit control device to prevent over-heating inside the combustion chamber." It was alleged further that on November 2, 1966, a defect within the heater and thermostat and "lack of high temperature control device permitted the combustion chamber of said heater to over-heat to the extent that the entire house was kindled and destroyed by fire, together with all its contents."
The plaintiffs charged that the fire and the insuing loss proximately resulted from inherent defects in the heater which made it "unreasonably hazardous, dangerous and unsafe," not reasonably safe for its intended use, and that Temco, as manufacturer and distributor, was liable to them in damages for the loss.
Service of the summons issued for Temco was made upon the Secretary of State of Mississippi as its agent for process under the provisions of Mississippi Code 1942 Annotated section 1437(a) (Supp. 1970), known as the "long arm" statute.
The following additional facts were stipulated. Temco, Incorporated, is a Tennessee corporation, foreign to Mississippi, domiciled in Nashville, Tennessee. It is not qualified to do business in Mississippi nor has it named any person, firm, official *214 or corporation to act as its process agent in Mississippi.
Temco is in the business of manufacturing for sale in interstate commerce, among other things, wall or space heaters. Its products are distributed throughout the United States and are sold in Mississippi. Sales of its products are made to wholesalers through manufacturer's representatives, who also sell the products of serveral other companies, and these, as well as those of Temco, are sold on commission. The heater in question was manufactured by Temco, sold and shipped in interstate commerce to Modern Appliance & Supply Company at New Orleans, Louisiana, which, in turn, sold and shipped it to Sanders Plumbing and Electric Supply, a retailer at Picayune, in Pearl River County, Mississippi. There Sanders sold it to plaintiffs. The thermostat, manufactured by Honeywell, Incorporated of Minneapolis, was packaged with the heater before shipment and Temco played no part in its manufacture or adjustment. Temco had granted no exclusive franchises in Mississippi to any wholesaler, none of its sales people resided in Mississippi, no member of its board of directors lived in Mississippi, it maintained no bank account in Mississippi, its sales manager had been in Mississippi only one time in five years, and neither its service manager nor repairman had ever been to Mississippi.
Thus the narrow question presented for determination on this appeal is squarely posed. Does the Mississippi "long arm" statute, under the amendment which became effective July 1, 1964, the amended statute now appearing as Mississippi Code 1942 Annotated section 1437(a) (Supp. 1970), confer jurisdiction upon the Circuit Court of Pearl River County?
Mississippi Code 1942 Annotated section 1437(a) (Supp. 1970), containing the July 1, 1964 amendment, provides in part:
(a) Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this State as to doing business herein, who shall make a contract with a resident of this State to be performed in whole or in part by any party in this State, or who shall commit a tort in whole or in part in this State against a resident of this State, or who shall do any business or perform any character of work or service in this State, shall by such act or acts be deemed to be doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such nonresident of the Secretary of State of the State of Mississippi, or his successor or successors in office, to be the true and lawful attorney or agent of such nonresident upon whom all lawful process may be served in any actions or proceedings accrued or accruing from such act or acts, or arising from or growing out of such contract or tort, or as an incident thereto, by any such nonresident or his, their, or its agent, servant or employee. (Emphasis added).
Our present concern is limited to an interpretation of this new language, which was inserted by the 1964 amendment: "* * * who shall commit a tort in whole or in part in this State against a resident of this State. * * *"
In State Stove Manufacturing Company v. Hodges, 189 So.2d 113 (Miss. 1966), a landmark case in Mississippi jurisprudence this Court adopted the doctrine known as "products liability" or "strict liability," saying:
After careful consideration of the precedents in this and other States, the history of these issues, and the many considerations pertinent to them, which are discussed subsequently, we conclude that the appropriate standards of responsibility are well stated in Section 402A of the American Law Institute's Restatement of Torts (Second), which we adopt insofar as it applies to a manufacturer of a product and to a contractor who *215 builds and sells a house with the product in it. It states:
Special Liability of Seller of Product for Physical Harm to User or Consumer 
(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
(a) the seller is engaged in the business of selling such a product, and
(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
(2) The rule stated in Subsection (1) applies although
(a) the seller has exercised all possible care in the preparation and sale of his product, and
(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.
The foregoing rule is not exclusive. It does not preclude liability based upon the alternative ground of negligence of the manufacturer or seller, where such negligence can be proved. Restatement (Second), Torts at 348.
(189 So.2d 113, 118)
In enacting the 1964 amendment, it will be assumed that the Legislature acted in the light of the decisions of this Court which dealt with the extent of the personam jurisdiction of Mississippi courts in cases brought in this State against nonresidents under the statute as formerly written.
In the cases decided under the statute before the 1964 amendment, this Court held, in effect, that Mississippi courts personam jurisdiction of the nonresident defendant was dependent upon whether such defendant had, or had not been "doing business" in Mississippi, or whether it had or had not "sufficient significant contacts in Mississippi" to subject it to the jurisdiction of the Mississippi courts. This test was further restricted to those cases in which "traditional notions of fair play and of substantial justice" were not offended. Collins v. Truck Equipment Sales, Inc., 231 So.2d 187 (Miss. 1970); Hilburn v. California-Western States Life Ins. Co., 210 So.2d 307 (Miss. 1968); Mladinich v. Kohn, 186 So.2d 481 (Miss. 1966); Breckenridge v. Time, Inc., 253 Miss. 835, 179 So.2d 781 (1965); Republic-Transcon Industries, Inc. v. Templeton, 253 Miss. 132, 175 So.2d 185 (1965); Mladinich v. Kohn, 250 Miss. 138, 164 So.2d 785 (1964).
By the insertion of the new matter, there can be no doubt that the intention of the Legislature was to broaden the scope of the statute and to enlarge the jurisdiction of the Mississippi courts so as to reach nonresident defendants in two new and distinct categories: (1) The nonresident defendant who shall make a contract with a resident to be fulfilled in the State in whole or in part, and the (2) nonresident defendant who shall commit a tort, in whole or in part, in this State against a resident of the State.
The statute, as amended in 1964, has not been construed previously by this Court. In Dawkins v. White Products Corporation, 443 F.2d 589, decided by the United States Court of Appeals for the Fifth Circuit on May 20, 1971, the Court of Appeals was confronted with the necessity of construing the amended statute under a factual situation closely analogous to that in the present case. After reviewing the cases decided by this Court under the former "long arm" statute, the court correctly concluded that this Court had never passed upon the effect of the 1964 amendments. In the absence of any pronouncement by this Court upon the subject the Court of Appeals stated:

*216 [W]e are inclined to follow the clear language of the statute in the absence of any Mississippi decision that states that these additional bases added nothing to the statute. There is no such decision. We are convinced, Erie-bound as we are, to conclude that the Mississippi Supreme Court, given the facts and presented with the issue, would hold that the complaint as here amended alleged facts which, in spite of the affidavits of non-presence in the state, would permit service on the non-residents under the amended long-arm statute. For somewhat similar cases in other states see Eyerly Aircraft Co. v. Killian, 5 Cir. 414 F.2d 591 and Coulter v. Sears, Roebuck & Co., 5 Cir. 426 F.2d 1315 and see Note Vol. XXXVIII Mississippi Law Journal p. 177.
In 86 C.J.S. Torts § 21 (1954), it is stated:
Damage resulting from a breach of a duty and invasion of a right is a necessary element of a tort.
In addition to the elements of tort heretofore discussed, a third element requisite thereto is damage resulting from the breach of duty and invasion of right.
The tort is not complete until the injury occurs, and if the injury occurs in this State, then, under the amended statute, the tort is committed, at least in part, in this State, and personam jurisdiction of the nonresident tort feasor is conferred upon the Mississippi court.
Other courts have reached like conclusions under similar statutes. In a note appearing in Chapter 3 Judicial Jurisdiction in American Law Institute, Restatement of the Law (Second), Conflict of Laws 2d, at page 160 appears the following:
Many states have enacted statutes which authorize the exercise of judicial jurisdiction under the circumstances stated in the rule. The prototypical statute is that of Illinois (Ill.Civ.Prac.Act ch. 110 § 17 (1955)) which, although it speaks only of "commission of a tortious act within the State", has been interpreted to confer jurisdiction on the Illinois courts in situations where a tortious act outside the State causes injury within the State. Gray v. American Radiator & Standard Sanitary Corp., 22 Ill.2d 432, 176 N.E.2d 761 (1961). The Illinois statute is virtually identical to statutes in many other States. See, e.g., N.M. Stat. Ann., ch. 21 § 21-3-16[A] (3) (1967); Ore.Rev.Stat. § 14.305(1) (b) [§ 14.035(1) (b)] (1963); Tenn. Code Ann. § 20-235(b) (1968). States which adopted the Illinois language subsequent to the decision in Gray v. American Radiator & Standard Sanitary Corp., supra, have generally followed the Illinois interpretation. See, e.g., Doggett v. Electronics Corp. of America, 93 Idaho 26, 454 P.2d 63 (1969).
In our view, one of the fundamental objects of the Legislature in adopting the 1964 amendment was to extend the personam jurisdiction of the courts of this State to the nonresident who may commit a tort in this State, either in whole or in part, to the injury of a resident of the State so as to provide a practical means for the enforcement of rights accruing under the products liability doctrine.
Under the amended statute, a nonresident manufacturer of a dangerously defective or unsafe product who places it in interstate commerce for the purpose of distribution and ultimate sale to consumers in other States, whether with a specific intent that it be distributed, sold and used in this State or not, may be subjected to a personam action for damages in the courts of this State by such consumer who may be injured in this State as a result of its defective or unsafe condition.
The trial court erred in holding that it was without jurisdiction in the present case and in sustaining Temco's motion to *217 dismiss. The judgment appealed from is reversed and the case is remanded.
Reversed and Remanded.
All Justices concur.