### INDIANOLA PRODUCTION CREDIT ASSOCIATION, Plaintiff,

v.

### BURNETTE-CARTER COMPANY, INC., Defendant.
### No. GC 77–103–S.

United States District Court,
N. D. Mississippi,
Greenville Division.

Nov. 21, 1977.

Richard G. Noble, Lyon, Crosthwait, Terney & Noble, Indianola, Miss., for plaintiff.

L. Carl Hagwood, Campbell & DeLong, Greenville, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action has been submitted to the court on defendant's motion to dismiss for lack of in personam jurisdiction. Fed.R. Civ.P. 12(b)(2).

Plaintiff is a Mississippi citizen, having its principal place of business at Indianola, Mississippi. In the course of its business operations, plaintiff advanced funds by way of a loan to a Mississippi farmer taking a security interest in certain livestock located on the Mississippi farm of the borrower as security for the debt. Plaintiff alleges that the security interest was duly perfected in the manner required by law. Defendant sold the subject livestock through its auction held in Memphis, Tennessee, and remitted the proceeds of the sale to its customer without accounting to plaintiff for its secured interest in the livestock, the same being unknown to defendant at the time. Plaintiff seeks to recover its money from defendant on the theory of conversion of the security.

Defendant is a Tennessee corporation and has its principal place of business in Memphis, Shelby County, Tennessee, where it receives and takes custody of livestock for its customers. The livestock is thereafter sold for the customer's account.

The entire operation of receiving, maintaining custody and sale of the livestock occurs at the Memphis auction facility and not elsewhere.

Defendant has never qualified to do business in Mississippi and has not had any contact with Mississippi or its citizens, except

(1) Defendant receives at its Memphis auction facility livestock which is transported from Mississippi by Mississippi owners to be sold through its facilities;

(2) After sale, a remittance for the amount due is mailed by defendant from its Memphis sales facility to the Mississippi owner at his Mississippi address;

(3) Defendant regularly sends by mail to interested parties in Mississippi fliers or brochures advertising its Memphis operation; and

(4) Defendant employs a Mississippi resident who regularly visits prospective Mississippi customers for goodwill purposes.

Plaintiff caused service of process to be made on defendant through the office of the Secretary of State pursuant to Mississippi's long-arm statute, Miss.Code Ann. § 13–3–57 (1972).

In order to come within the coverage of the long-arm statute, one of three situations must exist. They are:

(1) The non-resident defendant must have made a contract with a Mississippi resident to be performed in whole or in part by any party within Mississippi; or

(2) The non-resident defendant must have committed a tort in whole or in part in Mississippi against a Mississippi resident; or

(3) The non-resident defendant must be doing business or performing some character of work or service in Mississippi.

The contract between defendant and the Mississippi farmer was wholly performed in Tennessee, unless the act of transporting the livestock from Mississippi to Tennessee, or the sending of the remittance to cover the proceeds of sale from Tennessee to Mississippi could be considered a part of the overall contract. The court

does not believe that either of these acts constitutes a partial performance in Mississippi of a contract as envisioned by the statute. Especially is this true where plaintiff is a stranger to the contract.

■ If the sale of the encumbered livestock through defendant's auction facilities could be termed a tort, the action in its entirety occurred in Tennessee, and no part of the tort was committed in Mississippi.

It is, therefore, apparent that neither the "contract" nor the "tort" provision of the statute encompasses the activities of defendant in its handling of the sale of the encumbered livestock. If plaintiff's contention is to prevail it must be under and by virtue of the third, or "doing business" provision of the statute.

The question is thus presented whether the acts of defendant in advertising its services in Mississippi through fliers, brochures, or otherwise, or in maintaining goodwill contacts with prospective Mississippi livestock owners, or the sale in Tennessee of Mississippi livestock received in Tennessee from Mississippi citizens and the subsequent remittance of the proceeds of sale to them at their Mississippi address, constitute doing business or performing work or services in Mississippi.

Defendant's place of business is situated only a short distance from the Mississippi-Tennessee state line. A large volume of livestock is brought in by Mississippi livestock owners for sale through the auction facilities of defendant. Defendant completes the transaction by sending remittances for the proceeds of sale to its Mississippi customers in Mississippi. Defendant employs a goodwill person to encourage Mississippi livestock owners to bring their livestock to defendant's Memphis facility.

Do these activities constitute the minimal contacts with Mississippi required under the Supreme Court decision in *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057 (1945). There the court said

[b]ut now that the capias ad respondendum has given way to personal service of summons or other form of notice, due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."

326 U.S. at 316, 66 S.Ct. at 158, 90 L.Ed. at 102.

■ The reach of the long-arm statute is limited by the "minimum contacts" concept of *International Shoe* and by the construction placed upon the statute by the Mississippi Supreme Court. This court is *Erie*-bound [1] in that regard. *Edwards v. Associated Press,* 512 F.2d 258, 261 (5th Cir. 1975); *Dawkins v. White Products Corp. of Middleville, Michigan,* 443 F.2d 589, 591 (5th Cir. 1971).

■ The court has concluded that the due process mandate of *International Shoe, supra,* has been satisfied in this case. The defendant's easy access to and cultivation of the Mississippi market, when considered in connection with defendant's extensive dealings with Mississippi owners of livestock give rise to a reasonable state interest for the protection of its citizens and the marketing of livestock produced and held within the state by making trade outlets such as that of defendant amenable to the process of its courts.

This conclusion does not, however, solve the problem before the court. As noted, this court must adopt the interpretation of the statute by the Supreme Court of Mississippi. It is not necessary here to discuss the many Mississippi Supreme Court decisions dealing with the subject. It will suffice to say that the reach of the statute has been materially extended by the Mississippi Supreme Court and the Mississippi Legislature in recent years.

The long-arm statute by an amendment effective July 1, 1964, was extended so as to

---

1. *Erie Railroad Company v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

include within its coverage non-residents who make contracts with residents to be performed in whole or in part by any party within the state or who commit torts in whole or in part in the state against a resident of the state. Judge Tuttle forecast an extension of coverage under the statute by the Mississippi Supreme Court in the *Dawkins* case, *supra*. The forecast proved correct for the Mississippi Supreme Court adopted Judge Tuttle's reasoning in *Smith v. Temco, Inc.*, 252 So.2d 212 (Miss.1971).

These cases dealt with the provisions of the amendment which extended the coverage of the statute to the "contract" and "tort" concepts. However, they are not necessarily controlling in the action sub judice.

Defendant has called the court's attention to the Mississippi Supreme Court's case of *Collins v. Truck Equipment Sales, Inc.*, 231 So.2d 187 (Miss.1970). This case was decided after the 1964 Amendment, but before *Smith v. Temco, Inc.* Unless the case can be distinguished from the action sub judice, the court is *Erie*-bound to follow the rule therein established. The non-resident defendant, Truck Equipment Sales, Inc., installed a braking system on the truck of a customer which failed and caused the truck to run into and demolish the business establishment of the Mississippi plaintiff. The facts developed by the opinion, demonstrates that the installation was wholly performed at the shop of the non-resident in Alabama. The truck was delivered to its shop by the owner, and retrieved by him, after the installation had been completed. The non-resident defendant had several representatives who traveled within the State of Mississippi soliciting the sale and installation of its products. In the action sub judice, defendant has one representative who travels within the state on goodwill missions, inferentially seeking Mississippi livestock owners who will carry their livestock to defendant's auction facility for sale.

The only other act performed by defendant within the state is the sending of fliers, brochures, or other advertisement material into the state.

In *Collins*, the court dealt with the question here present, i. e., the doing of business within the state. The *Collins* court reaffirmed previous announcements of the court in regard to the requirements which constitute doing business within the state by a non-resident. These were said to be:

1. The non-resident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state;

2. The cause of action must arise from, or be connected with, such acts or transactions; and

3. The assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.

231 So.2d at 188.

In upholding the decision of the trial court in *Collins* to dismiss the suit for lack of in personam jurisdiction over the non-resident defendant, Justice Patterson, now Chief Justice of the court, held that the resident plaintiff "did not establish any causal relationship between the negligence alleged and the activities of the defendant within the forum state." 231 So.2d at 188. The defendant in *Collins* utilized personal contacts within the state, soliciting the sale and installation of its products, just as defendant in the action sub judice utilized the services of a goodwill ambassador and solicitation by fliers, brochures, and other means of advertising within the state to promote its auction service. The court is *Erie*-bound to follow the Mississippi Supreme Court where it has spoken on the issue at hand.

There is impressive authority to sustain the position that the location of defendant's sale premises—situated as they are, to serve large areas of three or four states, especially the northern portion of Mississippi—and

the frequency with which its services are utilized by Mississippi citizens in response to defendant's solicitation of business, justifies a holding that defendant is in fact "doing business" within the state. *See Wilkerson v. Fortuna Corp.*, 554 F.2d 745 (5th Cir. 1977), *cert. denied*, 434 U.S. 939, 98 S.Ct. 430, 54 L.Ed.2d 299 (1977) (applying Texas long-arm statute).

The court would be inclined to approve the service of process in the action sub judice were it not for the fact that *Collins* appears to prohibit that action.

The motion to dismiss will be sustained and an order entered dismissing the action.