375 So.2d 1017 (1979)
David and June MANDEL et al.
v.
JAMES GRAHAM BROWN FOUNDATION, INC.
No. 51508.
Supreme Court of Mississippi.
October 3, 1979.
Rehearing Denied October 31, 1979.
Hopkins & Logan, Floyd J. Logan, Gulfport, for appellants.
Daniel, Coker, Horton, Bell & Dukes, Pete H. Carrubba, Gulfport, for appellee.
Before SMITH, LEE and BOWLING, JJ.
LEE, Justice, for the Court:
David Mandel and June Mandel, parents of Michael David Mandel, a 15-year-old minor, brought suit in the Circuit Court of Harrison County, Mississippi, Honorable Leslie B. Grant, presiding, against Joseph Cheleno, Biloxi River Development Co., Inc., Harrison County, Mississippi, and James Graham Brown Foundation, Inc., for damages sustained as a result of personal injuries incurred by Michael David Mandel. The lower court sustained a motion to dismiss as to James Graham Brown Foundation, Inc., for lack of in personam jurisdiction, the Mandels nonsuited as to the resident defendants and have appealed here from the dismissal order.
*1018 The sole question is whether or not Mississippi Code Annotated Section 13-3-57 (1972), as amended, known as the "Long-Arm Statute," extends jurisdiction to the appellee, a non-resident corporation not qualified to do business in the State of Mississippi. Appellee, a Kentucky corporation, owns five hundred thirty-eight (538) acres of land in Harrison County, has the maintenance and control of said property, pays taxes thereon, uses and enjoys said property, and is protected in same by the laws of the State of Mississippi. After hearing the motion to dismiss, the trial judge entered the following order:
"The motion of the defendant, James Graham Brown Foundation, Inc., filed November 16, 1978, to dismiss the case as to this defendant for lack of in personam jurisdiction, is sustained."
Mississippi Code Annotated Section 13-3-57 (1972), as amended, provides, in part, the following:
"Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such nonresident of the secretary of state of the State of Mississippi, or his successor or successors in office, to be the true and lawful attorney or agent of such nonresident upon whom all lawful process may be served in any actions or proceedings accrued or accruing from such act or acts, or arising from or growing out of such contract or tort, or as an incident thereto, by any such nonresident or his, their or its agents, servant or employee." (Emphasis added)
In Smith v. Temco, Inc., 252 So.2d 212 (Miss. 1971), the Court said:
"In enacting the 1964 amendment, it will be assumed that the Legislature acted in the light of the decisions of this Court which dealt with the extent of the personam jurisdiction of Mississippi courts in cases brought in this State against nonresidents under the statute as formerly written.
In the cases decided under the statute before the 1964 amendment, this Court held, in effect, that Mississippi courts personam jurisdiction of the nonresident defendant was dependent upon whether such defendant had, or had not been `doing business' in Mississippi, or whether it had or had not `sufficient significant contacts in Mississippi' to subject it to the jurisdiction of the Mississippi courts. This test was further restricted to those cases in which `traditional notions of fair play and of substantial justice' were not offended. Collins v. Truck Equipment Sales, Inc., 231 So.2d 187 (Miss. 1970); Hilbun v. California-Western States Life Ins. Co., 210 So.2d 307 (Miss. 1968); Mladinich v. Kohn, 186 So.2d 481 (Miss. 1966); Breckenridge v. Time, Inc., 253 Miss. 835, 179 So.2d 781 (1965); Republic-Transcom Industries, Inc. v. Templeton, 253 Miss. 132, 175 So.2d 185 (1965); Mladinich v. Kohn, 250 Miss. 138, 164 So.2d 785 (1964).
By the insertion of the new matter, there can be no doubt that the intention of the Legislature was to broaden the scope of the statute and to enlarge the jurisdiction of the Mississippi courts so as to reach nonresident defendants in two new and distinct categories: (1) The nonresident defendant who shall make a contract with a resident to be fulfilled in the State in whole or in part, and the (2) nonresident defendant who shall commit a tort, in whole or in part, in this State against a resident of the State." 252 So.2d at 215.
Although Smith v. Temco, Inc. was a products liability case, the statute applies to other cases in tort and contract which are properly covered by the statute, and is not restricted to a particular type case. Appellee *1019 contends that the Long-Arm Statute does not apply to it for the reason that, among other things, the declaration did not charge the commission of a tort by it in this state. On the motion to dismiss the declaration for lack of in personam jurisdiction, all allegations of the declaration, well pleaded, together with reasonable inferences flowing therefrom, are accepted as true. The declaration charges knowledge on the part of appellee of a dangerous condition in the waters of the Biloxi River, adjacent to and surrounding the property of appellee, and particularly charges negligence on the part of the appellee as follows:
(1) Failing to make a proper and reasonable inspection of the river to insure that there were no dangers to swimmers.
(2) Failing to put up warning signs stipulating the danger from the shallow water to those swimmers diving into the water at this particular juncture of the river.
(3) Failing to provide qualified and trained supervision over the swimming and other activities at the park.
(4) Failing to implement some type of safety program which would have enhanced the safety of this particular area of the river.
(5) Failing to keep the park area reasonably safe for its intended use.
We are of the opinion that the allegations of the declaration are sufficient for the Circuit Court of Harrison County to acquire jurisdiction of appellee under the Long-Arm Statute. We do not speculate upon what issues, defenses and status between the parties may be developed upon trial of the case.
The lower court erred in dismissing the declaration and the case is reversed and remanded for a trial on the merits.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.