Thomas **MURPHREE** et al.,
Plaintiffs-Respondents,

v.

Paul **BAYKOWSKI** et al.,
Defendants-Appellants.

No. 42119.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 17, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 24, 1981.

Application to Transfer Denied
June 8, 1981.

---

Daniel P. Reardon, Jr., St. Louis, for defendants.

Lawrence J. Fleming and Alan N. Zvibleman, London, Greenberg & Fleming, St. Louis, for appellants.

Michael J. McAvoy, Wallach, McAvoy & Bumb, Fenton, for plaintiffs-respondents.

Thomas M. Murphree, Jr., Watkins & Eager, Jackson, Miss., for plaintiffs.

SNYDER, Judge.

Property owners appeal from a judgment denying their motion to quash the execution of a Mississippi judgment which had been registered in Missouri. The judgment is affirmed.

Appellants urge that the trial court erred in failing to quash execution of the judgment because, having been rendered without personal jurisdiction over the defendants, the Mississippi judgment is void and not entitled to full faith and credit.

Appellants Norman and Linda Fay Owens were named as defendants in suits for civil damages arising out of assault on plaintiffs-respondents during the robbery of their home. The declarations (petitions) alleged that appellants conspired with the parties who committed the theft and assaults and that appellants received the stolen property.[1]

Service on appellants was obtained under Mississippi's long-arm statute. Appellants, who were in Missouri, were served by mail with notice of the suit soon after it was filed. No issue of notice has been raised by appellants in their brief.

On August 10, 1978 the Circuit Court of the First Judicial District in Hinds County, Mississippi entered final judgments on writs of inquiry on default judgments in favor of plaintiffs-respondents and against defendants Paul Baykowski, William Politte, Norman Owens, Linda Fay Owens and Raymond Bryan, jointly and severally, in the sum of $217,000 ($108,500 for each plaintiff) plus attorney fees.

Respondents applied to have the judgments registered in Missouri on July 10, 1979, the judgments were duly registered, and a special execution issued, returnable

1. Plaintiff Thomas Murphree's declaration in pertinent part (plaintiff Margaret Murphree's declaration was essentially the same):

   "That the defendants, Paul Baykowski, William Politte, Norman Owens, Linda Fay Owens, and Raymond Bryan, are adult non-resident citizens of the State of Mississippi, who committed torts against plaintiff in Jackson, Mississippi, and who, by such conduct, have appointed Honorable Heber Ladner, Secretary of State of Mississippi, as their Agent for Service of Process, pursuant to MCA 1972 13–3–57. . . .

   3.

   At all times relevant, the defendants were engaged in the conspiracy to enter into the homes of other people for purposes of converting the goods and personal property belonging to said homeowners. Defendants were also engaged in the business of receiving converted goods, and either converting such goods to their own use, or selling the goods in the same condition or after alteration. . . .

   11.

   . . . That the defendants, Owens, Owens and Bryan conspired with the other defendants to enter the plaintiff's residence, and to assault the plaintiff. That by such joint conspiracy, and by active participation in the planning, completion, and receipt of fruits of the said venture, the defendants, Owens, Owens and Bryan are guilty of the aforesaid intentional torts just as though they had been present during the completion thereof by defendants Baykowski and Politte. . . ."

on October 15, 1979. On August 7, 1979 appellants Norman and Linda Fay Owens separately answered the application and objected to the registration of the judgments alleging the Mississippi court's lack of personal jurisdiction over them. Each appellant averred in his answer that he was never given notice of an action filed against him in the Circuit Court of Hinds County, Mississippi; that he never personally appeared in said court nor did anyone appear on his behalf; that he was not given notice of the default judgment entered against him prior to plaintiffs' present application to register a foreign judgment; and that the Mississippi court did not have proper jurisdiction over him and was therefore unable to render a personal judgment against him. Based on the same theory, appellant Norman Owens also moved to quash execution of the judgment for $217,000 and costs against appellants' property in St. Charles County, Missouri. The argument was unsuccessful because the evidence showed that appellants had received notice of the Mississippi action prior to entry of final judgment. The motion to quash execution was denied September 21, 1979 after a hearing.[2] This appeal is from the judgment denying the motion.

■ Respondents' motion to dismiss the appeal which alleges waiver of objection to personal jurisdiction is denied. Appellants challenged the personal jurisdiction of the Mississippi court in the trial court, but their challenge was based on lack of notice. They have abandoned the claim that they did not receive notice and now attack the Mississippi judgment because "it was never alleged nor shown by the record itself that appellants were ever in the State of Mississippi or that appellants did any act within the State of Mississippi or that appellants had available to them the benefit and pro-

tection of Mississippi law pertaining to long-arm jurisdiction."

This is an appeal from the first litigation of the issue of personal jurisdiction. Although it would have been better practice for appellants to question Mississippi's long-arm jurisdiction in the Missouri trial court along with their notice argument, appellants have not waived the right to object to personal jurisdiction by a prior general appearance.

■ Where the judgment is void for lack of jurisdiction over the parties, a motion to quash execution is a proper remedy. *First National Bank in Chester v. Conner*, 485 S.W.2d 667, 671–672[7–10] (Mo.App.1972).

However, the burden is on appellant to affirmatively show lack of jurisdiction. It is presumed, absent any showing to the contrary, that "the court not only had jurisdiction over both of the parties and over the subject matter, but also that the court followed its laws and entered a valid judgment in accordance with the issues made in the case." *Corning Truck & Radiator Service v. J.W.M., Inc.*, 542 S.W.2d 520, 524[1–3] (Mo.App.1976).

■ The validity of a sister state's judgment may be attacked for want of jurisdiction over the subject matter, failure to give due notice, or fraud in the concoction of the judgment. *W.B.M. v. G.G.M.*, 579 S.W.2d 659, 661[1–3] (Mo.App.1979); *O'Neill v. Winchester*, 505 S.W.2d 135, 136[1] (Mo. App.1974). The Missouri Supreme Court in *Leichty v. Kansas City Bridge Co.*, 354 Mo. 629, 190 S.W.2d 201, 203[1, 2] (banc 1945), cert. denied 327 U.S. 782, 66 S.Ct. 682, 90 L.Ed. 1009 (1945) states more broadly that the judgment of a sister state "can be attacked collaterally for want of jurisdiction of the subject matter or parties."

2. At the end of the hearing on the motion to quash, the judge made a specific finding: "The Court finds that based upon the records that were admitted into evidence that the Movant, Linda Fay Owens, and Norman Owens, did in fact receive notice of possess (sic) regarding the lawsuit that was filed in Mississippi and that therefore the Court of Mississippi had per-

sonal jurisdiction over the Petitioners when they rendered the lawsuit that they did." The suit was filed April 17, 1978 and the records admitted included a return signed by Mrs. Owens April 21, 1978. Service by mail on Mr. Owens was admitted by appellants in oral argument.

Appellants contend that there was no basis for the Mississippi court's exercise of in personam jurisdiction (regardless of service on them in Missouri) because the declaration did not allege that appellants were present or committed any act in the State of Mississippi. The point is ruled against appellants.

Mississippi's long-arm statute, similar to Missouri's, provides that: "Any non-resident person . . . who shall commit a tort in whole or in part in this state against a resident of this state . . . shall by such act or acts be deemed to be doing business in Mississippi." Miss.Code Ann. § 13–3–57 (1972).

Mississippi courts have been able to exercise long-arm jurisdiction, without the necessity of a physical act by the defendant within the state, since the 1964 amendment to Miss.Code Ann. § 13–3–57.[3]

> "The tort is not complete until the injury occurs, and if the injury occurs in this State, then, under the amended statute, the tort is committed, at least in part, in this State, and personam jurisdiction of the non-resident tortfeasor is conferred upon the Mississippi court."

*Smith v. Temco*, 252 So.2d 212, 216 (Miss. 1971).

Although *Smith v. Temco, supra*, was a products liability action, service on nonresident tortfeasors under § 13–3–57 is not limited to the area of products liability. *Mandel v. James Graham Brown Foundation*, 375 So.2d 1017, 1018–1019 (Miss.1979). The nonresident defendant in *Mandel* was alleged to have knowledge of the dangerous condition of its property. The injury which occurred there was alleged to be a result of defendant's negligence in the care of this property.

In this case the declaration alleged (and the Circuit Court of the First Judicial District of Hinds County has by default adjudged) that appellants conspired with the other defendants to enter the plaintiffs' residence, to assault the plaintiffs and to convert the plaintiffs' goods. The conspiracy need not have taken place in Mississippi for the long-arm statute to authorize personal jurisdiction over appellants.

Nor does due process require that a tortfeasor have personally acted or been present in the state for long-arm in personam jurisdiction. The activity of appellants, wherever it took place, had a definite and foreseeable injurious effect on respondents in the State of Mississippi. Nowhere in the record do appellants affirmatively deny that they conspired or were present in Mississippi. The sole basis for their argument in support of the motion to quash is that respondents' declaration does not allege an act by them in Mississippi. Mississippi's exercise of jurisdiction over them does not offend any "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed.2d 95 (1945). *See Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1957); *McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).

The trial court acted properly in denying the motion to quash execution of the Mississippi judgment registered in Missouri. The judgment is affirmed.

CRIST, P. J., and REINHARD, J., concur.

---

**3.** Appellants' reliance on *Mladinich v. Kohn*, 164 So.2d 785 (Miss.1964) and *Breckenridge v. Time, Inc.*, 179 So.2d 781 (Miss.1965) is misplaced since both cases involved alleged injuries prior to the 1964 amendment. The amendment is prospective only. *Mladinich v. Kohn*, 186 So.2d 481 (Miss.1966).