# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 93-IA-00639-SCT

*FORREST COUNTY GENERAL HOSPITAL, DR. CHARMAINE McCLEAVE, SOUTH MISSISSIPPI EMERGENCY PHYSICIANS, P.A., DARRELL ELLZEY, DOROTHY DENHAM AND MIRIAM JARRELL*

*v.*

*RONNIE CONWAY AND CHRISTY CONWAY, INDIVIDUALLY, AND ON BEHALF OF THEIR MINOR DAUGHTER, MEGAN CONWAY*

| | |
|---|---|
| DATE OF JUDGMENT: | 5/24/93 |
| TRIAL JUDGE: | HON. ROBERT GIBBS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | J. ROBERT RAMSAY |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SHANE F. LANGSTON |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 10/2/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/23/97 |

EN BANC.

MILLS, JUSTICE, FOR THE COURT:

## STATEMENT OF THE CASE

¶1. Ronnie Conway and Christy Conway, individually and on behalf of their minor daughter, Megan Conway (hereinafter "Appellees"), filed a complaint in the Circuit Court of the First Judicial District of Hinds County, Mississippi on February 22, 1993. The complaint alleged medical malpractice against Charmaine McCleave, M.D., and Forrest County General Hospital.

¶2. Forrest County General Hospital and Charmaine McCleave, M.D., (hereinafter "Appellants") answered the complaint and objected to the improper venue of Hinds County. The Appellants moved the court to transfer venue to Forrest County, Mississippi, the domicile of Forrest County General

Hospital ("Forrest General"), or Lamar County, the domicile of Charmaine McCleave, M.D.

¶3. By order dated May 24, 1993, the Circuit Court of Hinds County denied Appellants' motion for change of venue finding that although the cause of action first accrued in Forrest County, the Appellees' damages continued to occur in Hinds County making venue proper in Hinds County pursuant to Miss. Code Ann. § 11-11-3.

¶4. South Mississippi Emergency Physicians (hereinafter "SMEP"), along with Darrell Ellzey, Dorothy Denham and Miriam Jarrell, all nurses at Forrest General (hereinafter collectively referred to as "Appellants"), were named in Appellees' amended complaint filed on November 23, 1993. The three employees filed a separate answer, which incorporated a motion to dismiss for lack of venue, or alternatively, to transfer the cause to Forrest County. On December 23, 1993, SMEP moved separately to transfer venue, and on February 3, 1994, the Hinds County Circuit Court denied this motion. Aggrieved by the lower court's ruling, Appellants filed a petition for interlocutory appeal on June 7, 1993. This Court granted the petition on March 14, 1994.

¶5. The Appellants raise four issues on appeal. However, we find the following issue to be dispositive of this appeal and will not address the remaining issues:

> **WHETHER PLAINTIFFS, ALL OF WHOM ARE RESIDENTS OF FORREST COUNTY, CAN MAINTAIN AN ACTION PURSUANT TO MISS. CODE ANN. § 11-11-3 (SUPP. 1993) IN HINDS COUNTY, MISSISSIPPI, FOR ALLEGED MEDICAL NEGLIGENCE THAT IS SAID TO HAVE OCCURRED IN FULL IN FORREST COUNTY, MISSISSIPPI, AGAINST SIX DEFENDANTS, NONE OF WHOM RESIDE IN HINDS COUNTY, BASED SOLELY UPON PLAINTIFFS' ALLEGATIONS THAT THE MINOR CHILD'S "INJURIES AND RESULTING DAMAGES SUFFERED BY HER AND HER PARENTS OCCURRED FOR THE MOST PART IN . . . HINDS COUNTY."**

## STATEMENT OF THE FACTS

¶6. On February 20, 1992, at approximately 2:50 a.m., Ronnie Conway and Christy Conway brought their seven-month-old infant daughter, Megan Conway, into the emergency room at Forrest County General Hospital. She was seen by various nursing personnel. According to the complaint, Megan had a temperature in excess of 104 degrees and "blue spots." The charge nurse had refused to call a pediatrician and sent Megan to the general emergency room physician, Dr. McCleave who diagnosed Megan with a virus and prescribed an antibiotic. Megan was discharged at approximately 4:30 a.m. with a 102 degree temperature.

¶7. Later that day at 1:30 p.m., Megan's condition worsened. Her parents took her to the office of Dr. Frank Dement, a pediatrician. Megan was then taken back to Forrest General, where she was diagnosed with meningitis at approximately 2:00 p.m. After the staff determined that the infant's condition had substantially worsened and had reached the critical stage, a decision was made to transport her to the University Medical Center Hospital (hereinafter "UMC") in Jackson, Mississippi.

¶8. After arriving in Jackson, Megan remained in the intensive care unit for several weeks and was hospitalized for a total of sixty-nine days at UMC. During the course of the infant's treatment and

care at UMC, and in order to save her life, Megan's arms and legs were amputated.

¶9. The facts relevant to the issues concerning venue are largely taken from the pleadings and are summarized herein.

1. The Appellees, at the time of the operative events and the filing of the complaint, were and continue to be residents of Forrest County, Mississippi.

2. Forrest County General Hospital is a community hospital organized under and operating pursuant to Title 41, Chapter 13 of Mississippi Code Annotated. The Hospital is owned by and is a political subdivision of Forrest County.

3. Charmaine McCleave, M.D., was a resident of Lamar County, Mississippi, at the time the complaint was filed.

4. South Mississippi Emergency Physicians, P.A. is a professional association domiciled in Forrest County, Mississippi.

5. Darrell Ellzey, Dorothy Denham and Miriam Jarrell are residents of Covington, Jones and Pearl River counties, respectively; thus, none are residents of Hinds County.

## DISCUSSION OF THE LAW

¶10. This interlocutory appeal concerns our venue scheme in Mississippi as set forth in § 11-11-3 of the Mississippi Code of 1972 Annotated. We may properly consider issues pertaining to venue via an interlocutory appeal. *See Tideway Oil Programs, Inc. v. Serio*, 431 So.2d 454 (Miss. 1983) (ruling on venue issue proper as it avoids unnecessary expense and delay).

¶11. Appellants assert the following arguments for reversing the lower court's denial of their venue motion. First, they point to the fact that not one of the named Appellees is a resident of Hinds County. Second, they assert that the Appellants are residents of Forrest County. Third, they contend that all acts of alleged negligence "occurred " or "accrued" in Forrest County.

¶12. Appellees contend that the lower court, in interpreting § 11-11-3, correctly determined that venue was proper in Hinds County. They further state that the damages first occurred and the cause of action first accrued in Hinds County. Venue is a valuable right possessed by both plaintiff and defendant. *See Jefferson v. Magee*, 205 So.2d 281, 283 (Miss. 1967); *Great S. Box Co. v. Barrett,* 231 Miss. 101, 94 So.2d 912, 915 (1957). "Of right, the plaintiff selects among the permissible venues, and his choice must be sustained [footnote omitted] unless in the end there is no factual basis for the claim of venue." *Flight Line, Inc. v. Tanksley*, 608 So.2d 1149, 1155 (Miss. 1992).

¶13. Section 11-11-3 of the Mississippi Code of 1972 Annotated provides in part: "Civil actions of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant or any of them may be found or **in the county where the cause of action may occur or accrue.**" Miss. Code Ann. § 11-11-3 (1972) (emphasis added). The Appellants contend that Hinds County lacks venue because Forrest General is domiciled in Forrest County, and Dr. McCleave is a resident of Lamar County. SMEP also points out that none of its physicians are residents of Hinds County. Likewise, the Conways are residents of Forrest County. The Conways agree that none of the

defendants are residents of Hinds County. Instead, they base their claim of venue on the "occur or accrue" language of the statute.

¶14. Appellants also argue that since no defendant may be found in Hinds County, venue cannot prevail in Hinds County unless it can be established that the cause of action asserted by the Appellees occurred or accrued in Hinds County. They argue for a strict construction of the venue statute, stating that the true sense in which words are used in a statute is to be ascertained, generally, by taking them in their ordinary and obvious significance in order to effect the plain intent of the Legislature. Furthermore, they rely on our cases holding that "the right to be sued in the county of one's residence is a valuable right, not a mere technicality." *Bd. of Trustees of State Insts. of Higher Learning v. Van Slyke*, 510 So.2d 490, 492 (Miss. 1987).

¶15. The Appellants urge us to rely upon our holding in *Forman v. Mississippi Publishers Corp.*, 195 Miss. 90, 14 So.2d 344 (1943), that a cause of action occurred or accrued when "it came into existence as an enforceable claim, that is, when the right to sue becomes vested." *Forman*, 195 Miss. at 105, 14 So.2d at 346. We find that the initial damage in the case *sub judice* occurred and accrued in Forrest County when the doctors allegedly failed to properly diagnose the disease. At that point, the initial damages occurred. The actions at the University Medical Center simply manifested the injury which had already occurred in Forrest County.

¶16. In 1996, this Court decided the two analogous cases of *McMillan v. Puckett*, 678 So.2d 652 (Miss. 1996) and *Burgess v. Lucky*, 674 So.2d 506 (Miss. 1996), where we held that venue is proper in both the county of the alleged negligence and the county of the decedent's death in wrongful death actions. Both cases involved alleged medical malpractice claims resulting in death. Wrongful death actions were filed in the counties of the actual deaths, rather than the counties of the alleged negligence. We found this to be proper since wrongful death actions create a new cause of action. *McMillan*, 678 So.2d at 656; *Burgess*, 674 So.2d at 512. However, the death required to initiate a wrongful death action is not analogous to the injury sustained by the Appellees, and therefore, *McMillan* and *Burgess* are readily distinguishable from the case *sub judice*.

¶17. We have also examined our decision in *Flight Line, Inc. v. Tanksley*, 608 So.2d 1149, 1156 (Miss. 1992). In *Flight Line*, an airplane was improperly loaded in Vicksburg, Mississippi. The plane then flew to Chicago, Illinois, where Tanksley was injured while unloading the plane. Tanksley's injury occurred due to the negligent loading of the plane in Vicksburg. This Court found venue proper in Warren County since the injury could not have occurred without that negligent action. *Flight Line*, 608 So.2d at 1156.

¶18. *Flight Line* is consistent with the case *sub judice*. In *Flight Line*, the original negligence occurred in Warren County. In the present case, the Appellee's injuries occurred in Forrest County when the doctors allegedly failed to properly diagnose the Appellee's illness.

¶19. Our present analysis is also consistent with our holding in *Blackledge v. Scott*, 530 So.2d 1363 (Miss. 1988), since no causative events in this case occurred in Hinds County. The only action occurring in Hinds County was the treatment of the already injured child.

## CONCLUSION

¶20. The Conways brought suit in an improper county for purposes of venue under § 11-11-3. Since the cause of action accrued and the injury occurred in Forrest County, proper venue lies according to Rule 82 of the Mississippi Rules of Civil Procedure. Therefore, the ruling of the trial court on the change of venue motion must be reversed and the case remanded.

¶21. **REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**LEE, C.J., PRATHER, P.J., BANKS, ROBERTS AND SMITH, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J., AND PITTMAN, J.**

### McRAE, JUSTICE, DISSENTING:

¶22. I commend the majority for finding that venue may be proper in more than one county. The defendants resided in Lamar, Covington, Jones and Pearl River Counties, allowing the plaintiffs a choice of venues pursuant to M.R.C.P. 82. However, in reversing the circuit court's order which denied the change of venue from Hinds County, the majority fails to have perceived the subtle nuances between the accrual and occurrence of an act of negligence and the damages stemming therefrom. Further, it improperly focuses on the point where the "initial damages" occurred or accrued, neglecting the fact that ongoing damages continued to accrue after the child was moved to Hinds County for further treatment. To so find misses the point of our holding in *Flight Line, Inc. v. Tanksley,* 608 So. 2d 1149, 1157 (Miss. 1992). Accordingly, I dissent.

¶23. As we explained in *Flight Line*, "accrual" connotes that moment when a cause of action "comes into action as an enforceable claim, that is, when the right to sue becomes vested." *Flight Line,* 608 So. 2d at 1156. "It may well mean the moment the injury is inflicted, that point in space and time when the last legally significant fact is found." *Id.* Occur, we further explained, is a less formalistic term, "event oriented to its core. It connotes conduct and phenomena and imports no preference among all of those necessary that a plaintiff may sue." *Id.* The situation is analogous to a products liability case where a negligent act happens at the point of manufacture but the injury does not occur until after the product is in the stream of commerce. *Flight Line*'s analysis of *Coca-Cola Bottling Co. v. Cox*, 174 Miss. 790, 165 So. 814 (1936) is instructive.

> In Coahoma County, Coca-Cola bottled within its soft drinks decomposed bodies of roaches. The plaintiff received the Coke and drank it in Tunica County and suffered injury. The court held venue proper in Tunica County where the injury occurred when the plaintiff drank the coke. This decision, of course, is entirely proper. The words "occur or accrue" within the statute are at least broad enough to include the place where the injury is inflicted, but this does not and cannot exclude the place where substantial parts of the injury-causing conduct occurred, in that case in Coahoma County.

***Flight Line,*** 608 So. 2d at 1156. Venue, therefore, in ***Cox*** was proper both where the injury occurred and where the conduct causing the injury occurred. *See also* **Smith v. Temco, Inc.,** 252 So. 2d 212, 216 (Miss. 1971)(personal jurisdiction over non-resident tortfeasor when the tort is committed, at least in part, in Mississippi). By the same token, in the case *sub judice*, venue is proper in Forrest County, where the act of negligence occurred, that is, the doctors' failure properly diagnose the severity of young Megan's illness, and in Hinds County, where the ultimate injury arising from that negligence occurred-- the amputation of her arms and legs. The tort was not complete until that final injury took place. Further, it should not be necessary to reiterate that neither an act of negligence nor an injury alone constitutes the entire tort. Again, ***Flight Line*** is instructive:

> In the final analysis, venue is about convenience. The legislative prescription implies a legislative finding counties meeting certain criteria will generally be more convenient to the parties. The use of "occur" makes sense because important witnesses will often be accessible where the action occurs. *Yet, there is nothing in the phrase "where the cause of action may occur...." that limits the judicial search for but a single county. Torts arise from breaches of duties causing injuries, and it is common experience that breach and causation and impact do not all always happen at once. At the very least, the word "occur" connotes each county in which a substantial component of the claim takes place,*and this may include, in the present context, the negligent conduct which substantially undergirds Tanksley's claim.

***Flight Line,*** 608 So. 2d at 1157 (emphasis added). Thus, under ***Flight Line***, as well as pursuant to ***Cox,*** venue is proper either in Forrest County, where doctors failed to diagnose Megan, or in Hinds County, where she received further treatment and where the ultimate injury, the amputation of her limbs, occurred.

¶24. By analogy, we must look also to the provisions for venue in wrongful death actions. In those cases, venue is proper both where the death occurred and where the alleged act(s) of negligence that led to the death took place. **McMillan v. Puckett,** 678 So. 2d 652, 655 (Miss. 1996). In that case, we looked to "'the point in space and time when the last legally significant fact is found.'" ***McMillan***, 678 So. 2d at 655, quoting ***Flight Line,*** 608 So. 2d at 1156. In the case *sub judice,* the last legally significant fact was the amputation of Megan's arms and legs in Hinds County.

¶25. Because venue in this case is proper in Hinds County as well as in Forrest County, I respectfully dissent.

**SULLIVAN, P.J., AND PITTMAN, J., JOIN THIS OPINION.**