¶ 22. In finding that Forrest County is the only proper venue for the Conway's action against the Appellants, the majority fails to have perceived the subtle nuances between the accrual and occurrence of an act of negligence and the damages stemming therefrom. Further, it improperly focuses on the point where the "initial damages" occurred or accrued, neglecting the fact that ongoing damages continued to accrue after the child was moved to Hinds County for further treatment. To so find misses the point of our holding in Flight Line, Inc. v. Tanksley,608 So.2d 1149, 1157 (Miss. 1992). Accordingly, I dissent.
¶ 23. As we explained in Flight Line, "accrual" connotes that moment when a cause of action "comes into action as an enforceable claim, that is, when the right to sue becomes vested." Flight Line, 608 So.2d at 1156. "It may well mean the moment the injury is inflicted, that point in space and time when the last legally significant fact is found." Id. Occur, we further explained, is a less formalistic term, "event oriented to its core. It connotes conduct and phenomena and imports *Page 328 
no preference among all of those necessary that a plaintiff may sue." Id. The situation is analogous to a products liability case where a negligent act happens at the point of manufacture but the injury does not occur until after the product is in the stream of commerce. Flight Line's analysis of Coca-ColaBottling Co. v. Cox, 174 Miss. 790, 165 So. 814 (1936) is instructive.
 In Coahoma County, Coca-Cola bottled within its soft drinks decomposed bodies of roaches. The plaintiff received the Coke and drank it in Tunica County and suffered injury. The court held venue proper in Tunica County where the injury occurred when the plaintiff drank the coke. This decision, of course, is entirely proper. The words "occur or accrue" within the statute are at least broad enough to include the place where the injury is inflicted, but this does not and cannot exclude the place where substantial parts of the injury-causing conduct occurred, in that case in Coahoma County.
Flight Line, 608 So.2d at 1156. Venue, therefore, in Cox was proper both where the injury occurred and where the conduct causing the injury occurred. See also Smith v. Temco, Inc.,252 So.2d 212, 216 (Miss. 1971)(personal jurisdiction over nonresident tortfeasor when the tort is committed, at least in part, in Mississippi). By the same token, in the case subjudice, venue is proper in Forrest County, where the act of negligence occurred, that is, the doctors' failure properly diagnose the severity of young Megan's illness, and in Hinds County, where the ultimate injury arising from that negligence occurred — the amputation of her arms and legs. The tort was not complete until that final injury took place. Further, it should not be necessary to reiterate that neither an act of negligence nor an injury alone constitutes the entire tort. Again, FlightLine is instructive:
 In the final analysis, venue is about convenience. The legislative prescription implies a legislative finding counties meeting certain criteria will generally be more convenient to the parties. The use of "occur" makes sense because important witnesses will often be accessible where the action occurs. Yet, there is nothing in the phrase "where the cause of action may occur . . . ." that limits the judicial search for but a single county. Torts arise from breaches of duties causing injuries, and it is common experience that breach and causation and impact do not all always happen at once. At the very least, the word "occur" connotes each county in which a substantial component of the claim takes place, and this may include, in the present context, the negligent conduct which substantially undergirds Tanksley's claim.
Flight Line, 608 So.2d at 1157 (emphasis added). Thus, underFlight Line, as well as pursuant to Cox, venue is proper either in Forrest County, where doctors failed to diagnose Megan, or in Hinds County, where she received further treatment and where the ultimate injury, the amputation of her limbs, occurred.
¶ 24. By analogy, we must look also to the provisions for venue in wrongful death actions. In those cases, venue is proper both where the death occurred and where the alleged act(s) of negligence that led to the death took place. McMillan v.Puckett, 678 So.2d 652, 655 (Miss. 1996). In that case, we looked to "`the point in space and time when the last legally significant fact is found.'" McMillan, 678 So.2d at 655, quoting Flight Line, 608 So.2d at 1156. In the case subjudice, the last legally significant fact was the amputation of Megan's arms and legs in Hinds County.
¶ 25. Because venue in this case is proper in Hinds County as well as in Forrest County, I respectfully dissent.
SULLIVAN, P.J., and PITTMAN, J., join this opinion. *Page 329